■ In the Matter of the Claim of FRANK GAMA, Appellant, v. SYMINGTON GOULD Co. et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— MEMORANDUM BY THE COURT. Appeal by claimant from a decision of the Workmen's Compensation Board denying him an award for total disability due to dust disease. The claim was disallowed as untimely and this holding was correct under section 44-a of the Workmen's Compensation Law as amended (L. 1965, ch. 613, eff. July 1, 1965) and, of course, was also untimely under section 44-a, which the board applied, as constituted prior to that date. Decision affirmed, without costs. Gibson, P. J., Herlihy, Reynolds and Staley, Jr., JJ., concur; Taylor, J., not voting.

■ ALLIED SCRAP AND SALVAGE CORPORATION, Appellant, v. STATE OF NEW YORK, Respondent. (Claim No. 41138.) — Per Curiam. Appeal from a judgment of the Court of Claims awarding claimant $6,380, plus interest, for the appropriation of a portion of its property and from an order denying a motion to vacate the award on the grounds that the decision was not rendered within 60 days after the cause was finally submitted. Claimant owned 28.65 acres of land in the Town of Fishkill, County of Dutchess, which did not front on Route 9D but did have an access right of way. The State appropriated 4.45 acres which split the parcel in two, leaving a landlocked area of about 10 acres and another of about 13 acres accessible through the right of way. The property was purchased in 1955 for $7,500. The president of claimant testified to an unsuccessful operation of a scrap and salvage business on the premises for six years following the purchase, the minor improvements made and the sporadic rental of the property to temporary tenants. Claimant's expert testified that the highest and best use of the property both before and after the appropriation was for warehousing purposes. She testified to a before value of $4,000 per acre and that the total damage to claimant resulting from the appropriation was $70,500 of which she assigned $18,000 for the appropriation of the 4.45 acres, $39,000 to the landlocked parcel and $13,500 for diminution in value of the remaining parcel. She offered no comparable sales in support of her estimates; she erroneously considered the effect the construction of Interstate Route 84 would have on the value of the property (Latham Holding Co. v. State of New York, 16 N Y 2d 41, 47; United States v. Cors, 337 U. S. 325, 332); and she appraised it as of 1965 rather than on the date of the appropriation. The State's expert found the highest and best use for the subject property to be long-range residential development. On the basis of four sales which were introduced as comparables, he fixed a before value for the 28.65 acres of $400 per acre with a damage figure of $6,380 This was made up of $4,600 which comprised the damage to the landlocked area and the remainder of $1,780 was direct damage for the taking of the 4.45 acres. The court's valuation was within the range of the testimony and upon this record the award may not be said to be inadequate. Appellant's final contention that the judgment should be vacated since it was not rendered within 60 days is unavailable here. Under section 442 of the Civil Practice Act, a new trial might be granted if the decision were not rendered within 60 days. But that provision was deleted when CPLR 4213 (subd. [c]) was written because under the old rule courts customarily denied the new trial on condition that the decision be rendered within an additional specified time. The subdivision has been made precatory in effect. Judgment affirmed, without costs. Gibson, P. J., Herlihy, Reynolds and Staley, Jr., JJ., concur; Taylor, J., not voting.