■ In the Matter of TIMBER LAKE CAMP, INC., Respondent, v. SUPERINTENDENT OF HIGHWAYS OF THE TOWN OF LEXINGTON, GREENE COUNTY, et al., Appellants.— Judgment, Supreme Court, Greene County, entered on December 18, 1971, affirmed, with costs, on the opinion of Christiana, J., at Special Term. Herlihy, P. J., Staley, Jr., Sweeney, Simons and Kane, JJ., concur.

■ In the Matter of the Claim of KENNETH LEVINE, Respondent, v. IMPERIAL TEXTILE COMPANY et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision of the Workmen's Compensation Board, filed November 11, 1971, which held that claimant sustained an accidental injury arising out of and in the course of employment on November 14, 1969, the date a physician examined him and recommended a spinal fusion. Although, in order to find an accident, there must be an element of suddenness in either the cause of disability or the result thereof (*Matter of Suber* v. *Hope's Windows,* 38 A D 2d 656), the failure of the board to pinpoint the precise day on which the "suddenness" of result occurred is not fatal to an award based on the present record (*Matter of Rogers* v. *General Aniline & Film Corp.,* 33 A D 2d 1074). Decision affirmed, with costs to the Workmen's Compensation Board. Staley, Jr., J. P., Greenblott, Cooke, Kane and Reynolds, JJ., concur.

■ CHRISTOPHER J. THAYER et al., Respondents, v. THOMAS R. BLANDO et al., as Trustees of N. Y. S. Teamsters Council Welfare Trust Fund, Appellants.— Appeal from an order of the Supreme Court at Special Term, entered June 18, 1971 in Albany County, which granted plaintiffs' motion for a new trial. The order granting a new trial must be reversed. The sole ground for the granting of a new trial was that more than 60 days had elapsed from final submission to decision, and that ground is not available any longer (cf. Civ. Prac. Act, § 442; CPLR 4213; *Allied Scrap & Salvage Corp.* v. *State of New York,* 26 A D 2d 880), and while the court does not lack the power to grant a new trial (CPLR 4403), it was an improper exercise of discretion to do so. Order reversed, on the law and the facts, without costs, and trial court directed to render a decision within 30 days from the date of the decision herein. Herlihy, P. J., Staley, Jr., Sweeney, Simons and Kane, JJ., concur.