EDWIN KAWASAKI, Respondent, v KAREN KASTING, Appellant

The court's award of 65% of the undivided marital assets to the husband and 35% to the wife is amply supported by the record. This was a childless marriage of some 10 years' duration. The husband's earnings comprised about 81% of the

family income. Each party made significant nonmonetary contributions toward maintenance of marital property and their horse business and each is capable of financial self-support. The court also directed that the husband be responsible for 65% of the marital debts. There is no general requirement that assets be divided equally *(Arvantides v Arvantides,* 64 NY2d 1033) and we conclude that the court properly exercised its discretion in this case *(see, Kobylack v Kobylack,* 62 NY2d 399, *on remand* 111 AD2d 221; *Michalek v Michalek,* 114 AD2d 655). While the court's consideration of a posttrial ex parte written communication was clearly improper *(see,* Code of Professional Responsibility, DR 7-110; Code of Judicial Conduct, Canon 3 [A] [4]; *Antoci v Antoci,* 113 AD2d 857), it is apparent from the court's written decision that it did not consider defendant's alleged conduct in arriving at its determination of the respective interests of the parties. Under the circumstances, a reversal is not required *(see, B. G. Equip. Co. v American Ins. Co.,* 61 AD2d 247, *affd* 46 NY2d 811).

We note that the court delayed in rendering its decision. Defendant has not shown any prejudice resulting from that delay, and a new trial is not warranted *(see, Thayer v Blando,* 40 AD2d 886; *Allied Scrap & Salvage Corp. v State of New York,* 26 AD2d 880). (Appeal from judgment of Supreme Court, Monroe County, Provenzano, J.—divorce.) Present—Dillon, P. J., Green, Pine, Balio and Lawton, JJ.