*526 OPINION OF THE COURT
Bruce E. Tolbert, J.
In this proceeding in Family Court, petitioner seeks an order of filiation declaring respondent M. K. to be the father of the infant child, M. T. (date of birth Jan. 28, 1986). Petitioner brings the instant motion for summary judgment declaring paternity on the ground that respondent is collaterally estopped from denying paternity based upon the decision of the Honorable Gerard E. Delaney in a defamation suit between these two parties in Supreme Court.
In the Supreme Court action, plaintiff M. K., respondent herein, and his wife sought $1,000,000 in damages for slander against A. T., petitioner herein, who allegedly made the statement, "M. K. is the father of M. T.” By decision dated February 14, 1989, the Honorable Gerard E. Delaney, Supreme Court Justice, held that the results of a DNA (deoxyribonucleic acid) test which indicate a probability of paternity of 99.993% are sufficient as a matter of law to warrant summary judgment dismissing the slander claim (King v Tanner, 142 Misc 2d 1004 [Sup Ct, Westchester County 1989]). That court further held that common-law standards of proof for defamation are applicable, and DNA test results are, in and of themselves, sufficient to rebut the presumption of legitimacy in circumstances as these, where Ms. T. was married to another at the time of conception (King v Tanner, supra, at 1005).
By motion dated May 2, 1989, plaintiffs M. and R. K. sought to reargue and renew the prior decision. Having submitted only an attorney’s affidavit in opposition to Ms. T.’s previous motion for summary judgment, plaintiffs offered, in support of their motion to reargue and renew, their individual affidavits and the affidavit of Dr. Leon Sussman, a recognized expert in paternity testing. The court refused to consider said affidavits as "new” evidence, the only truly new evidence being the results of additional blood tests (including HLA tests) submitted to the court in a report dated May 30, 1989. Said multiple blood tests excluded H. T., A. T.’s husband, from being the biological father, and showed M. K. to have a probability of paternity of 99.98%. By decision dated August 9, 1989, Justice Delaney, having found no reason to depart from his original decision, denied the motion to reargue and renew except to the extent the Supreme Court considered the HLA blood test report.
*527 In seeking an order of filiation, petitioner T. contends that, pursuant to the doctrine of collateral estoppel, the determination of paternity made by Supreme Court prevents respondent from relitigating the issue of paternity in the instant proceeding in Family Court.
Collateral estoppel holds that, as to parties or those in privity, a judgment on the merits by a court of competent jurisdiction is conclusive in a subsequent action as to issues of fact or law necessarily decided in the prior action (Gramatan Home Investors Corp. v Lopez, 46 NY2d 481, 485). This doctrine precludes a party from relitigating in a subsequent action the same issue necessarily raised and decided in a prior action whether or not the tribunals or causes of action are the same (Ryan v New York Tel. Co., 62 NY2d 494 [1984]; see also, Gramatan Home Investors Corp. v Lopez, supra, at 485; Ripley v Storer, 309 NY 506, 517). Underlying this doctrine is the notion that it is not fair to permit a party to relitigate an issue which has previously been decided against him in a proceeding in which he had an opportunity to fully litigate the point (Gilberg v Barbieri, 53 NY2d 285 [1981]). Based not only on notions of fairness, this doctrine also serves to conserve judicial resources as well as the resources of the litigants (Gilberg v Barbieri, supra, at 291).
In order to apply the doctrine of collateral estoppel, the New York Court of Appeals has held that two requirements must be met: "[t]here must be an identity of issue which has necessarily been decided in the prior action and is decisive in the present action, and, second, there must have been a full and fair opportunity to contest the decision now said to be controlling” (Schwartz v Public Adm’r of County of Bronx, 24 NY2d 65, 71 [1969] [emphasis added]). Among the factors to be weighed by the court in determining whether a party against whom the doctrine is asserted had a full and fair opportunity are as follows: the size of the claim, the forum of the prior litigation, the use of initiative, the extent of the litigation, the competence and experience of counsel, the availability of new evidence, indications of a compromise verdict, differences in applicable law, and the foreseeability of future litigation (Schwartz v Public Adm’r of County of Bronx, supra, at 72).
With regard to the first requirement, identity of issue, both the defamation action in Supreme Court and the paternity suit in Family Court involve the identical issue of whether or not M. K. is the father of the subject child. The issue of *528 paternity was necessarily decided in the prior actions by Justice Delaney in order to reach his determination that the statement claimed to be slanderous was, in fact, true, thereby constituting a valid defense to the slander suit. A determination of paternity is certainly decisive of the present action as this is the actual claim being litigated in this proceeding.
Although identity of issue exists, this court finds that the respondent successfully met his burden of demonstrating that the doctrine of collateral estoppel is inapplicable in the instant case because of a lack of full and fair opportunity to litigate the matter. Respondent contends that he was denied such opportunity in the defamation action when the court there found that he had failed to produce evidentiary proof in admissible form. His sole submission in opposition to the summary judgment motion had been an affirmation of his attorney. That respondent failed to oppose the motion sufficiently is immaterial as even a default judgment may be given preclusive effect (Fredericks v Truck Transervice, NYLJ, Sept. 26, 1989, at 28, col 6; see also, Mitchell v Insurance Co., 40 AD2d 873 [2d Dept 1972]). Moreover, respondent subsequently submitted personal affidavits and an expert’s affidavit in his motion to reargue and renew. What this court does find persuasive on this issue is that the Supreme Court found irrelevant, and declined to consider, issues which would have been heard in a paternity hearing in Family Court. The difference in the standards of proof in a cause of action for slander and in a paternity suit require additional evidence to be considered in a paternity proceeding.
In the defamation action between these parties, the court held that common-law standards of proof apply to a slander action such as this one, involving a private person on a matter of private concern (King v Tanner, supra). At common law, once the plaintiff established that the defendant was "at fault” in publishing the defamatory falsehood (Gertz v Robert Welch, 418 US 323), defendant had the burden of proving in defense that the statement was true (Rinaldi v Holt, Rinehart & Winston, 42 NY2d 369, 379-380 [1977]). Defendant T., therefore, had the burden of proving by a fair preponderance of the credible evidence the truth of the alleged slanderous statement (King v Tanner, supra, at 1010). In a paternity suit, however, the petitioner must establish paternity by clear and convincing evidence, evidence which is completely satisfactory and which creates a genuine belief that the respondent is the father of the child (Matter of Jane PP. v Paul QQ., 65 NY2d *529 994 [1985]; see also, Matter of Commissioner of Social Servs. v Philip De G., 59 NY2d 137 [1983]).
Although the "clear and convincing” standard of proof is higher than the proof by a "preponderance of the credible evidence” standard normally required in civil cases, petitioner T. contends that preclusive effect should be given to the determination in the first action since the issue of paternity was decided there in accordance with the higher standard. In his decision, Justice Delaney recognized that, before a finding of paternity can be made, the degree of proof must be by clear and convincing evidence and that there is a genuine belief that Mr. K. is, in fact, the parent of the infant child (King v Tanner, supra, at 1012; King v Tanner, 144 Misc 2d 1073). The Supreme Court went even further in stating that, "in the opinion of this court, once the DNA probabilities are in the 99+ % range, such is 'conclusive’ based on the 'clear and convincing’ standard of proof required” (King v Tanner, 142 Misc 2d, supra, at 1012). This court finds, however, that even though the DNA test results were held to be, in and of themselves, sufficient to rebut the presumption of legitimacy in the defamation action, they are not conclusive in a paternity proceeding.
Pursuant to section 532 of the Family Court Act, the results of a blood genetic marker human leucocyte antigen (HLA) test (either alone or in combination with other blood genetic marker tests) may be received into evidence to aid in the determination of whether the alleged father is or is not the father of the child. Rather than being used solely for exclusionary purposes, HLA and associated sophisticated tests can increase the probability of exclusion to such a degree as to affirmatively prove paternity (Matter of Department of Social Servs. v Thomas J.S., 100 AD2d 119 [2d Dept 1984]). Further, the DNA probe, as a blood genetic market test, is admissible in a paternity proceeding pursuant to section 532 of the Family Court Act without the necessity of holding a hearing on the test’s reliability and general acceptance in the scientific community (Matter of Baby Girl S., 140 Misc 2d 299 [Sur Ct, NY County 1988]).
By allowing the admission of blood genetic marker tests as inclusionary evidence, the statute (Family Ct Act § 532) recognizes the reliability of such tests and their high degree of probative value on the issue of paternity (Matter of Department of Social Servs. v Thomas J.S., supra, at 124). However, these test results, while highly probative, are not conclusive *530 and cannot be the sole basis for declaring paternity (Matter of Denise H. v John C., 135 AD2d 816 [2d Dept 1987]; see also, Matter of Julie UU. v Joseph VV., 108 AD2d 1038 [3d Dept 1985]). Such tests are but one factor to be taken into account by the trier of fact in making its determination (Matter of Julie UU. v Joseph W., supra, at 1039; see also, Matter of Department of Social Servs. v Thomas J.S., supra).
This court can find no appellate authority which holds that DNA testing can be conclusive in a paternity proceeding. As no appellate court has determined that a blood test is dispositive of the issue in a paternity case, this court has the obligation to consider all factors in making its determination. Clear and convincing evidence includes blood genetic marker test results indicating high probability of paternity plus testimony as to the essential elements of proof necessary to sustain the petition (Matter of Department of Social Servs. v Richard A., 121 AD2d 382 [2d Dept 1986]; see also, Matter of Harstein v Mike S., 107 AD2d 684 [2d Dept 1985]). It is incumbent upon Family Court to consider, therefore, in addition to high probability blood test results, evidence such as the approximate date of conception, testimony that the mother and respondent had a sexual relationship during the period of conception, and lack of evidence that another man had access to the mother during such period (cf., Matter of Fannie R. H. v Charles E., 116 AD2d 576 [2d Dept 1986]). Further, whether the presumption of legitimacy has been overcome is a question of fact which the court can determine only after a full hearing in which all evidence is considered, including blood test results, and the credibility of the litigants is assessed (Matter of Martine S. v Anthony D., 120 Misc 2d 567, 573 [Fam Ct, Kings County 1983]). The trier of fact must have the opportunity to hear testimony and view and assess the credibility of the witnesses on these matters. No such opportunity was provided here as all the issues in the prior litigation were resolved solely on papers.
In the defamation action, the Supreme Court not only did not consider the above factors, but stated, in its decision on the motion to reargue and renew, that it was that court’s opinion that scientific advances have made the following areas irrelevant for determining paternity: sexual access, credibility of the parties and witnesses, marriage status, sexual promiscuity, and admissions or statements as to who is the father. In other words, stated Justice Delaney in his decision, "previous factors utilized by the courts * * * seem to this court to be *531 scientifically irrelevant” (King v Tanner, 144 Misc 2d, supra, at 1077). This court finds, however, that all factors must be considered in a paternity proceeding in Family Court in order to meet the clear and convincing standard of proof. This is especially true in light of the fact that a determination of paternity brings with it rights and obligations that last a lifetime. While an allegation concerning slander may involve damage to an individual’s reputation or finances, a declaration of paternity involves a child’s right to know who his or her father is, and creates obligations of support until the child is age 21 and rights of inheritance for the child.
This court further notes that even if the standard in a paternity proceeding had been met in the first action, a Supreme Court determination based upon this standard would not have been necessary to the decision on defamation. That decision only required a finding by a fair preponderance of the evidence. A finding based upon the higher standard might be considered dicta as it was not necessary to the slander action. Indeed, such is the case with regard to the Supreme Court’s acknowledgment that its acceptance of DNA testing on such a standard recognizes that "the function of a court in paternity matters may well and should be different in light of such advances” (King v Tanner, 144 Misc 2d, supra, at 1077).
Based upon the foregoing, respondent is not collaterally estopped from denying paternity in the action in Family Court. As a material issue of fact exists, a hearing is warranted. Accordingly, petitioner’s motion for summary judgment is denied. The matter is set down for a fact-finding hearing on January 12, 1990 at 1:30 in the afternoon.
Petitioner has moved, in the alternative, for an order pursuant to CPLR 3126 striking respondent’s answer herein for willful failure to respond to a notice for discovery and inspection. As respondent has sufficiently complied with the requests for discovery at this time, said motion is denied.
Respondent’s cross motion pursuant to CPLR 3107 for depositions of A. T. and H. T. is granted. It is, therefore, hereby
Ordered, that said depositions shall be conducted at the office of respondent’s counsel, 72 East Main Street, New Rochelle, N. Y., on November 13, 1989 at 9:00 in the forenoon, or at such date as is agreed upon between the parties; and it is further,
*532 Ordered, that in any event, all discovery shall be completed by November 30, 1989; and it is further,
Ordered, that the parties shall appear at New Rochelle Family Court, 420 North Avenue, 3rd Floor, New Rochelle, N. Y., on January 12, 1990 at 1:30 in the afternoon for a fact-finding hearing.