■ In the Matter of BARBARA A. M., Respondent, v GERARD J. M., Appellant.—In a paternity proceeding, the appeal is from an order of the Family Court, Queens County (Torres, J.), entered March 19, 1990, which denied the motion of the appellant father to vacate an order of filiation dated December 14, 1987.

Ordered that the order is affirmed, with costs.

The petitioner mother and the respondent father were married in 1972 and divorced in 1978. Two years later, however, they began to "date", and the mother became pregnant. The father moved in with the mother, and in May of 1981 a son was born. In October 1983 the father left the mother's residence but continued to contribute to the boy's support.

The mother subsequently commenced a paternity proceeding. On December 14, 1987, after a hearing, a Hearing Examiner issued an order of filiation upon the father's admission of paternity, and ordered the father to pay $170 biweekly in child support. Thereafter, on January 12, 1988, the father filed written objections to the order of the Hearing Examiner. However, he merely challenged the amount of child support and conceded that he had admitted on December 14, 1987, that he was the boy's father. In May of 1988, the father again

sought a downward modification of child support, without challenging the finding of paternity.

However, in September 1988 the father convinced the mother to submit herself and the boy to a blood test. The father delivered blood samples to a laboratory himself without any supervision. This laboratory conducted a DNA test which revealed that the father was not the boy's father. Thereafter, by a notice of motion dated September 30, 1989, when the boy was almost 10 years old, the father moved to vacate the order of filiation.

Contrary to the father's contention, the doctrine of equitable estoppel is applicable to this case to preclude him from contesting the previous order of filiation, entered upon his admission of paternity. This court must focus on the child's best interests. The father and the child had a father-and-son relationship for almost 10 years. Also, the father freely supported the child and he was the only father known to the child (see, Matter of Ettore I. v Angela D., 127 AD2d 6; Matter of Sharon GG. v Duane HH., 95 AD2d 466, affd 63 NY2d 859; Matter of Board v Plank, 150 Misc 2d 743). Therefore, the court did not improvidently exercise its discretion in declining to consider the results of the privately-arranged DNA test, in declining to order new tests, or in failing to set the matter down for a trial.

We note that the court properly refused to consider the results of the parties' privately-arranged DNA test, since there was no evidence of the procedures followed by the laboratory conducting the test (see, People v Castro, 144 Misc 2d 956). Also, the reliability of this test depended heavily on the father's assurance that he did not tamper with the blood samples when he personally delivered them to the laboratory. Finally, the court properly found that the probative value of the test was outweighed by its prejudicial effect. Thompson, J. P., Harwood, Lawrence and Miller, JJ., concur.