OPINION OF THE COURT
Stephen R. Sirkin, J.
On November 16, 1989, petitioner gave birth to her son out of wedlock and commenced this paternity proceeding seeking *577 a declaration that respondent was the father. The issue is whether or not petitioner established paternity by clear and convincing evidence entirely satisfactory, creating a genuine belief that respondent is the father of the child (Matter of Commissioner of Social Servs. v Philip De G., 59 NY2d 137), persuasively as follows:
Petitioner testified she had sexual relations with the respondent from June 1986 through June 1989, and that during February, March and April of 1989, she had sexual relations on numerous occasions with respondent and no one else. The sexual relations took place at respondent’s residence, as well as at other residences. Her last menstrual period during that time was in January 1989, and the child appears to have been born within the normal period of gestation. She learned she was pregnant in April 1989, advised the respondent, and respondent told her not to tell anyone, offered to pay her some money, and requested that she obtain an abortion.
On cross-examination, petitioner admitted she could have had sexual relations with others during 1989 and at no time were any birth control devices utilized.
Respondent testified vehemently that he had known petitioner for approximately eight years through petitioner’s friendship with respondent’s wife and that he had never had sexual relations with her, had never been romantic toward her and in fact, had never been alone with her. Neither party offered any witnesses to corroborate or deny access.
Respondent’s mother testified that subsequent to petitioner’s discovery that she was pregnant, she told respondent’s mother that respondent’s stepfather could be the father of the child and named others who might be the father of the child.
The results of an H.L.A. test were admitted which reflected the probability of paternity at 96.51%. A letter from Roche Biomedical Laboratories to Wayne County Family Court advised that Roche chose to perform a DNA analysis without cost with no particular explanation other than the laboratory’s "commitment to quality”. The DNA results reflected a probability of paternity of 99.80%.
The court is confronted with a case of utterly conflicting and controverted testimony. The burden of proof rests upon the petitioner who must establish paternity by clear and convincing evidence which is entirely satisfactory, creating a genuine belief respondent is the father of the child. (Matter of Jane PP. v Paul QQ., 65 NY2d 994.)
*578 The court is satisfied that there is not clear and convincing evidence that petitioner did not have intercourse with other men during the critical time period, making the testimony insufficient as a matter of law, to establish paternity. (Matter of Department of Social Servs. v Alan K., 69 AD2d 861.) The issue then becomes whether or not administration of the H.L.A. and DNA tests elevate the evidence to meet the requisite standard of proof. (Matter of Department of Social Servs. v Thomas J.S., 100 AD2d 119; Matter of Jane PP. v Paul QQ., supra.)
An H.L.A. test result is certainly not dispositive of paternity as it is not recognized as conclusive. It is, however, highly accurate and to be afforded great weight. (Matter of Bowling v Coney, 91 AD2d 1195.) In this matter the H.L.A. probability of paternity of 96.51% reflected a combined paternity index of only 28 to 1. However, the DNA probability of paternity of 99.80% reflected a combined paternity index as 511 to 1. The court finds that although the DNA test is not conclusive evidence of paternity, this test corroborates petitioner’s testimony and does elevate the evidence to meet the requisite standard of proof.
Although the testimony of petitioner and respondent and respondent’s mother presented "sharp questions of credibility” (Matter of Denise H. v John C., 130 AD2d 748), the court is satisfied upon all the evidence that paternity has been established by clear and convincing evidence which is entirely satisfactory creating a genuine belief that respondent is the father of the child.