■ In the Matter of Sherry G. Appellant, v George F., Respondent.—In a paternity proceeding pursuant to Family Court Act article 5, the appeals are from (1) an order of the Family Court, Suffolk County (Doyle, J.), dated November 2, 1989, which, after a hearing, dismissed the petition, (2) an order of the same court (Abrams, J.), dated November 24, 1989, which denied the petitioner's motion to vacate the order dated November 2, 1989, on the ground that the court failed to render a decision within 60 days of the conclusion of the hearing, in violation of CPLR 4213 (c), and (3) an order of the same court (Doyle, J.), entered December 21, 1989, which denied the petitioners' motion for a new hearing.

Ordered that the orders are affirmed, without costs and disbursements.

On appeal the petitioner contends that she established the respondent's paternity of her son by clear and convincing evidence (see, *Matter of Jane PP. v Paul QQ.*, 65 NY2d 994; *Matter of Commissioner of Social Servs. v Philip De G.*, 59 NY2d 137), and that the Family Court erred in not so holding. We disagree.

It is well settled that the findings of a hearing court in a paternity proceeding are entitled to great weight and, generally, should not be disturbed on appeal unless they are found to be contrary to the weight of the evidence (see, *Matter of Shirley R. v Ricardo B.*, 144 AD2d 472, 473). The Family Court concluded that the petitioner's testimony was not credible, and a review of the record, which reveals that her testimony was contradictory and vague in several key instances, supports the court's finding. Significantly, we note that the petitioner admitted that she was engaged in a continuing sexual relationship with a former boyfriend during the period of time when her child was conceived. The petitioner also named the former boyfriend as the child's father on his birth certificate, identified him as the child's father to her friends, and maintained that he was the child's father during a proceeding to regain custody of the child from his foster parents some years after his birth. Furthermore, the petitioner's testimony did not convincingly demonstrate that she was engaged in a sexual relationship with the respondent during the period of conception. Although the petitioner introduced the results of a human leucocyte antigen test which indicated a high probability of paternity, the respondent's expert witness placed a lesser degree of probability on the test results. Moreover, while such test results are highly probative, they are not conclusive (see, *Matter of D'Elia v Curtis S.*, 183 AD2d 768; *Matter of Laura U. v Mark V.*, 156 AD2d 836; *Matter of Denise H. v John C.*, 135 AD2d 816). Accordingly, under the circumstances of this case, the Family Court's determination was not against the weight of the evidence.

We have reviewed the petitioner's remaining contention and find it to be without merit (see, *Kawasaki v Kasting*, 124 AD2d 1034; *Thayer v Blando*, 40 AD2d 886; *Allied Scrap & Salvage Corp. v State of New York*, 26 AD2d 880). Bracken, J. P., Lawrence, Eiber and Santucci, JJ., concur.