OPINION OF THE COURT
Joan S. Kohout, J.
A petition was filed by the Monroe County Department of *834 Social Services on January 8, 1993 on behalf of Ruth H., the mother of Nicholas H., who is a recipient of public assistance. The petition alleges that the mother and the respondent had sexual relations between June of 1988 and December of 1992 resulting in the birth of Nicholas, who was born on October 30,1991.
On April 8, 1993 the respondent appeared with counsel before the Hearing Examiner at which time a representative of the Monroe County Attorney’s office appeared for the petitioning agency. As a result of that appearance, an order was entered on April 28, 1993 directing the mother, child and respondent to appear at Roche Biomedical Laboratory on May 7, 1993 for the purpose of submitting to a "blood-genetic marker test”. The order indicated that the test was directed as a result of an application made by the respondent for a blood grouping analysis "by a public health officer pursuant to Section (418) (532) of the Family Court Act.”
Blood samples were taken as ordered and an analysis was conducted by Roche Biomedical Laboratories in North Carolina, which included testing of red-cell antigens, human leukocyte antigens (HLA), and red-cell enzymes and serum proteins.
Petitioner’s counsel acknowledges that Roche Laboratory corresponded with the County at some time after May 7, 1993 indicating that the results of the testing were not satisfactory and that at no additional cost Roche was doing a DNA analysis. Neither a copy of this letter nor the information contained therein was communicated by petitioner or counsel to the respondent or to the court; nor, did petitioner make a motion requesting a court order permitting the DNA testing proposed by Roche.
When the test results were filed with the court in October of 1993, the report included the testing and analysis of red-cell antigens, human leukocyte antigens (HLA), red-cell enzymes and serum proteins, plus the DNA analysis.
The respondent now moves for an order precluding admission into evidence of the DNA test results on the grounds that such analysis was not directed in the court order and not permitted by section 532 of the Family Court Act. Alternatively, he requests a pretrial hearing on the question of admissibility. (Frye v United States, 293 F 1013 [DC Cir 1923]; see also, Matter of Barbara A.M. v Gerald J.M., 178 AD2d 412, 413 [2d Dept 1991].)
Family Court Act § 418 (a) and § 532 (a) permit a court to *835 order one or more blood genetic marker tests to be performed in paternity actions by "a duly qualified physician or by a laboratory duly approved for this purpose by the commissioner of health.” These sections go on to outline a procedure for the admission at trial of these test results. Additionally, CPLR 4518 (c) permits the admission of the results upon a proper certification.
The first issue presented in respondent’s motion is whether petitioner is precluded from offering evidence of the DNA analysis because the testing was beyond the scope of the court order made by the Hearing Examiner. Secondly, respondent argues that since Roche Labs is not duly approved by the New York State Commissioner of Health to perform DNA testing in paternity cases the testing was unauthorized, therefore, inadmissible under Family Court Act § 532.
The court can find no reported case that addresses the objections lodged by respondent. Petitioner relies on the authority of Matter of S.L.B. v K.A. (155 Misc 2d 458 [1992]), as well as an earlier decision in the same case (153 Misc 2d 47), to support his argument that the DNA testing should be admitted at trial. In S.L.B. v K.A. (supra) the Family Court held that the fact that there was no laboratory approved by New York State for DNA testing in paternity cases did not preclude the court from ordering such testing under section 532, noting that as of July 1992 the New York State Department of Health was in the process of developing standards. S.L.B. v K.A. is distinguishable from the instant case in that a motion had been brought by the petitioner for DNA testing and the respondent had a full opportunity to respond to the motion papers. Testing did not occur, as in this case, without knowledge of the respondent or the court. Furthermore, we are now at the end of 1993 and still no laboratory has been approved for DNA testing in paternity cases, nor have any standards been promulgated by the Department of Health.
Courts have differed in their holdings as to whether the results of DNA analysis may be considered in a paternity case. In Matter of Barbara A.M. v Gerald J.M. (178 AD2d 412 [2d Dept 1991], supra) the Appellate Division found that Family Court properly denied admission of a privately arranged DNA analysis where no evidence was offered concerning the procedures followed by the testing laboratory. In Matter of Baby Girl S. (140 Misc 2d 299 [1988]) and Matter of A.T. v M.K. (145 Misc 2d 525 [1989]) lower courts considered DNA test results on the issue of paternity, but apparently *836 were not presented with the issue of whether the laboratory in question was certified for that purpose under Family Court Act § 532. Additionally, in the case of Robin W. v Robert D. (153 Misc 2d 576, 578 [1992]) the Family Court relied on the results of DNA testing to assist in resolving a paternity case with conflicting testimony and " 'sharp questions of credibility’ ”. Again, there is no indication that the question of certification was raised or any specific objections lodged by the parties to admissibility of the test.
After a review of the blood test order and the relevant statutes, the court concurs with the respondent that the DNA analysis done by Roche Laboratory was beyond the scope of the order signed by the Hearing Examiner. Although the Hearing Examiner’s order did not designate the type of test to be performed, it was made pursuant to Family Court Act §§ 418 and 532 and, therefore, required that the blood genetic marker tests be performed by a laboratory approved by the Commissioner of Health for the particular tests actually done. It is undisputed that Roche Laboratory is not approved at this time to perform DNA analysis and that to date the Commissioner of Health has not certified any laboratory to perform that test. (See, Matter of S.L.B. v K.A., 155 Misc 2d 458, 460 [1992], supra.)
The court finds that DNA testing is a blood genetic marker test covered under Family Court Act §§ 418 and 532 and that the court would have the authority to order such an analysis if it were to be done by a certified laboratory or a "qualified physician”. The requirement that the testing be done only by approved experts is an essential aspect of the statute, aimed at assuring reliable and properly conducted test results. (See, Matter of Tammy W. v Newton O., 145 Misc 2d 1032, 1034 [1989].) High quality analyses are especially important since the certified laboratory reports prepared and filed under these sections may be admitted without an expert’s appearance to explain or justify the findings. (See also, CPLR 4518 [c]; Matter of Beaudoin v David RR., 152 AD2d 776 [3d Dept 1989].) Since the DNA testing was not done by a duly approved facility it was not done in compliance with the Hearing Examiner’s order or the statute and, therefore, may not be considered by the court.
The court is also troubled by the failure of the petitioner to notify the respondent and the court when Roche Labs informed the agency that further testing would be appropriate. At that time petitioner could have made a motion for further *837 analysis, thereby providing the respondent with an opportunity to be heard on the issue. Alternatively, further analysis may have been available under the CPLR since the Family Court Act presently contains no specific provision for DNA analysis. (See, Family Ct Act § 165 [a]; CPLR 3121, 3124, 3126.) Instead, petitioner permitted Roche to proceed with the unauthorized testing.
In this paternity action brought by the County Department of Social Services the respondent is entitled to a fundamentally fair process to determine the correctness of the allegation that he is the father of the subject child. The conduct of the agency in failing to take proper action when it was notified that the laboratory sought to do a DNA analysis is inconsistent with this right. In determining what remedy would be appropriate, the court is mindful of the need to assure that government agencies refrain from overreaching in these sensitive family law cases. As a result, the court finds it appropriate to grant respondent’s motion and to preclude petitioner from offering any evidence relative to the unauthorized DNA testing performed by Roche Laboratory.
In making the decision herein, the court is rendering no opinion as to whether or not the results of DNA testing performed upon stipulation of the parties, as a matter of discovery, or upon a proper court order might be admissible. In this case the court need not reach that issue, but does strongly suggest that the New York State Legislature consider this question, or, alternatively, that the New York State Commissioner of Health promptly promulgate laboratory review standards for these tests.