■ In the Matter of LEON L., Appellant, v CAROLE H. et al., Respondents. [621 NYS2d 93] —In a paternity proceeding pursuant to Family Court Act article 5, the putative father appeals, by permission, from so much of an order of the Family Court, Suffolk County (McNulty, J.), entered July 1, 1994, as denied his motion for DNA blood testing of him and the child, and the mother cross-appeals from so much of the same order as denied her cross motions, *inter alia,* for an order of protection and for vacatur of an order of the same court dated April 19, 1994, which required the parties and the child to submit to HLA blood testing.

Ordered that the order entered July 1, 1994, is reversed insofar as appealed from, without costs or disbursements, the putative father's motion for DNA blood testing of him and the child is granted on condition that such tests are available from a duly qualified physician or a laboratory duly approved for this purpose by the Commissioner of Health; and it is further,

Ordered that the order is affirmed insofar as cross-appealed from, without costs or disbursements.

The putative father commenced this proceeding for a declaration that he is the biological father of Nicholas H. The mother opposed the petition and claimed that Nicholas was the issue of her marriage. By an order dated April 19, 1994, the Family Court required the parties and the child to submit to HLA blood tests. The mother contends that it was error to order blood tests without first holding a hearing. We disagree.

Although blood tests in a paternity proceeding are statutorily mandated, when, as here, a child is presumptively legitimate, a Law Guardian should be appointed to protect the child's interests, and the facts concerning the possible defense of equitable estoppel should be considered before blood tests

are ordered *(see, e.g., Terrence M. v Gale C.,* 193 AD2d 437; *Johannessen v Johannessen,* 148 AD2d 894; *Golser v Golser,* 115 AD2d 695). A Law Guardian was appointed to represent Nicholas, and he recommended, prior to the issuance of the April 19, 1994, order, that the blood tests be performed. Moreover, the following facts, which were available to the Family Court, were sufficient to establish that the defense of equitable estoppel should not preclude blood tests to aid in the determination of paternity in this case *(see generally, Matter of Ettore I. v Angela D.,* 127 AD2d 6). The putative father commenced this proceeding shortly after Nicholas's first birthday. He alleged that he had supported Nicholas and that he had openly acknowledged his paternity. He offered unrebutted evidence that he had formed a relationship with Nicholas prior to his first birthday, that the mother's estranged husband had been living in upstate New York when Nicholas was conceived, and that he had never acknowledged paternity. (We note that the mother's husband was joined as a party to this proceeding and has not appeared.) Thus, the Family Court was not required to hold a hearing before ordering the HLA blood tests in its April 19, 1994, order.

Following the mother's refusal to submit to the HLA blood tests, the putative father requested that the court order DNA blood testing of him and Nicholas. In view of the amendment to Family Court Act § 532 (a), effective June 15, 1994, which specifically provides for DNA testing, upon the motion of a party, to aid in the determination of paternity *(see,* L 1994, ch 170), we conclude that the putative father is entitled to an order granting his motion for DNA blood tests provided that such tests are available from a duly qualified physician or a laboratory duly approved by the Commissioner of Health *(see,* Family Ct Act § 532 [a], as amended by L 1994, ch 170).

We conclude that the Family Court did not err in denying the relief requested by the mother in her cross motions and that the court properly reserved for trial the mother's request for an order of protection *(see,* Family Ct Act § 551). However, we note that, since the mother requested a permanent order of protection in her cross petition, the Family Court erred in requiring her to file a separate petition for this relief *(see,* Family Ct Act § 551). Balletta, J. P., O'Brien, Hart and Friedmann, JJ., concur.