■ In the Matter of LOUISE P., Respondent, v THOMAS R., Appellant. [636 NYS2d 408] —In a proceeding pursuant to Family Court Act article 5, to establish paternity, the appeal is from

an order of the Family Court, Nassau County (Medowar, J.), dated January 17, 1995, which denied the father's motion to vacate an order of filiation and support entered November 17, 1986.

Ordered that the order is reversed, on the law, without costs or disbursements, and the matter is remitted to the Family Court, Nassau County for a hearing in accordance herewith.

The child whose paternity is the subject of this proceeding was born in 1985. This proceeding was commenced in 1986 based upon the mother's affidavit in which she stated that the appellant was the child's father. In an appearance before a Hearing Examiner, the appellant waived his rights to an attorney, a blood test, and a formal hearing, and admitted that he was the father. An order of filiation and support was entered on November 17, 1986.

In July 1993, the mother told the appellant that he was not the child's father. He subsequently moved to vacate the order of filiation and support. In addition to his own affidavit, the appellant submitted an affidavit from the mother in which she identified another individual as the child's father. An affidavit from that individual was also submitted. Concluding that the application was not in the best interests of the child, the Family Court denied the motion without conducting a hearing.

The doctrine of equitable estoppel may be applied to preclude a parent from challenging an order of filiation. However, as the Family Court acknowledged, it is the child's best interests which are of paramount concern (see, Matter of Barbara A.M. v Gerard J.M., 178 AD2d 412; Matter of Ettore I. v Angela D., 127 AD2d 6). In this case, there was insufficient evidence before the court from which to determine the child's best interests.

While the court appointed a Law Guardian, she was unable to speak with the child or the mother before the court decided the motion, despite repeated attempts to do so. As noted by the Law Guardian in the affirmation in which she requested a hearing, there was no information regarding the relationship between the appellant and the child. There was also no proof concerning the child's relationship with the recently-identified putative father. Consequently, the impact on the child was unknown (compare, Matter of Barbara A.M. v Gerard J.M., supra; Matter of Ettore I. v Angela D., supra). Accordingly, we remit the matter for a hearing to determine the child's best interests, and for the entry of an appropriate order. Balletta, J. P., Rosenblatt, Pizzuto, Joy and Altman, JJ., concur.