■ In the Matter of KATHLEEN LAVIS, Appellant, v EDWARD CLAIR, JR., Respondent. [640 NYS2d 609] —In a proceeding pursuant to Family Court Act article 5 to establish paternity, the petitioner appeals from (1) an order of the Family Court, Suffolk County (McNulty, J.), dated November 4, 1994, which dismissed the petition, and (2) an order of the same court, dated July 6, 1995, which denied the petitioner's motion to reinstate the petition on the basis of newly-discovered evidence.

Ordered that the orders are affirmed, without costs or disbursements.

The petitioner's contention that the Family Court Judge improperly excluded the results of the DNA blood testing is without merit. Family Court Act § 532 (a) was amended effective June 15, 1994 (L 1994, ch 170) to provide that the court "shall order the mother, her child and the alleged father to submit to one or more blood genetic marker or DNA tests" upon the motion of a party in a paternity proceeding. The right to DNA testing depends on its availability, and the tests must be performed by a "duly qualified physician or by a laboratory duly approved for this purpose by the commissioner of health" (Family Ct Act § 532 [a], as amended by L 1994, ch 170; *see also, Matter of Leon L. v Carole H.,* 210 AD2d 484). In this case, the petitioner was not entitled to have the DNA test results admitted since the DNA testing was not done by a duly-approved laboratory (*see, Matter of Barbara A. M. v Gerard J. M.,* 178 AD2d 412; *Matter of Department of Social Servs. [Ruth M. H.] v Joseph N.,* 159 Misc 2d 833; *cf., Matter of Leon L. v Carole H., supra*).

There was ample support for the Family Court Judge's finding that the petitioner did not meet her burden of establishing paternity by clear and convincing evidence, and there is no basis for substituting our judgment for that of the Family Court Judge, who saw and heard the witnesses (*see, Matter of Sherry G. v George F.,* 183 AD2d 825; *Department of Social Servs. [Beatrice V. P.] v Trustum C. D.,* 97 AD2d 831; *see generally, Matter of Commissioner of Social Servs. v Philip De G.,* 59 NY2d 137).

Moreover, the Family Court Judge did not improvidently exercise her discretion in denying the petitioner's motion for relief pursuant to CPLR 5015 (a) (2).

We have reviewed the petitioner's remaining contentions and find them to be without merit. Sullivan, J. P., Pizzuto, Joy and Krausman, JJ., concur.