■ In the Matter of TOBI F., Appellant, v BRUCE N., Respondent. [645 NYS2d 65] —In a paternity proceeding pursuant to Family Court Act article 5, the petitioner appeals from an order of the Family Court, Dutchess County (Pagones, J.), dated April 25, 1995, which dismissed the petition.

Ordered that the order is affirmed, with costs.

The petitioner's contention that the Family Court improperly denied her motion to compel the respondent to respond to written interrogatories is without merit. It is well established that a respondent in a paternity proceeding cannot be compelled to testify or produce evidence, including responses to interrogato-

ries, at the pretrial discovery stage (see, Matter of Margaret B. v Gilbert W., 41 NY2d 971, revg 51 AD2d 456, on dissenting opn of Capozzoli, J.).

Further, there is no merit to the petitioner's contention that the Family Court improperly excluded the results of a DNA blood test gratuitously performed by the testing laboratory. A court order required the respondent to submit only to a human leucocyte antigen (HLA) blood test. Thus, the results of the gratuitously-performed DNA test were inadmissible as they were beyond the scope of that court order (see, Matter of Department of Social Servs. [Ruth M. H.] v Joseph N., 159 Misc 2d 833, 836).

In any event, DNA tests must be performed by a "duly qualified physician or by a laboratory duly approved for this purpose by the commissioner of health" (Family Ct Act § 532 [a], as amended by L 1994, ch 170, § 354; see also, Matter of Leon L. v Carole H., 210 AD2d 484). In this case, the DNA testing was not done by a duly-approved laboratory (see, Matter of Barbara A. M. v Gerard J. M., 178 AD2d 412; Matter of Department of Social Servs. [Ruth M. H.] v Joseph N., supra; cf., Matter of Leon L. v Carole H., supra).

The Family Court properly found that the petitioner did not meet her burden of establishing paternity by clear and convincing evidence. There is no basis on this record for substituting this Court's judgment for that of the Family Court, which saw and heard the witnesses (see, Matter of Sherry G. v George F., 183 AD2d 825; Department of Social Servs. [Beatrice V.P.] v Trustum C.D., 97 AD2d 831; see generally, Matter of Commissioner of Social Servs. [Patricia A.] v Philip De G., 59 NY2d 137).

The petitioner's remaining contentions are without merit. Pizzuto, J. P., Santucci, Altman and Hart, JJ., concur.