In the Matter of Eugene F. G., Appellant, v Darla D., Respondent. [689 NYS2d 848] —Order unanimously reversed on the law without costs and matter remitted to Monroe County Family Court for further proceedings in accordance with the following Memorandum: Family Court erred in granting the motion of the Law Guardian for summary judgment dismissing petitioner's application to vacate a prior order of Family Court, entered November 16, 1982, approving a paternity agreement and adjudicating petitioner to be the father of respondent's child. A hearing was necessary. Petitioner was never married to respondent, nor had he cohabited with her. Prior to the birth of the child, however, respondent told petitioner that he was the child's father, and based upon that representation, petitioner executed the agreement admitting paternity. In 1996, when the child was nearly 13 years old, petitioner received an anonymous note indicating that the child was not his child and that he should request a blood test. Thereafter, petitioner, respondent and the child, without court order, submitted to blood tests that excluded petitioner as being the child's father. Furthermore, respondent admitted that another man was the father of the child. The Law Guardian opposed petitioner's application to negate paternity on the ground of equitable estoppel.

Although the doctrine of equitable estoppel may be applied to preclude a parent from challenging an order of filiation, it is the child's best interests that are of paramount concern (*see, Matter of Louise P. v Thomas R.*, 223 AD2d 592, 593). In this case, petitioner requested a hearing, and Family Court and the Law Guardian initially agreed that a hearing was necessary. The Law Guardian, however, subsequently made a motion for

summary judgment, and Family Court granted the motion without conducting a hearing on the issue of the child's best interests. That was error (*see, Matter of Louise P. v Thomas R., supra; Elizabeth A. P. v Paul T. P.*, 199 AD2d 1030). There was insufficient evidence before the court to determine the child's best interests. There is inadequate factual information in the record concerning the extent of the relationship between petitioner and the child. In addition, court-ordered psychological evaluations of the parties and the child are not part of the record and apparently were never completed. We therefore reverse the order and remit the matter to Monroe County Family Court for a hearing to determine the best interests of the child and entry of an order based upon the evidence at such hearing (*see, Matter of Louise P. v Thomas R., supra; Elizabeth A. P. v Paul T. P., supra*). (Appeal from Order of Monroe County Family Court, Bonadio, J.—Summary Judgment.) Present—Lawton, J. P., Wisner, Hurlbutt, Callahan and Balio, JJ.