Matter of Kirk M.B. v Rachel S. (2021 NY Slip Op 01602)





Matter of Kirk M.B. v Rachel S.


2021 NY Slip Op 01602


Decided on March 19, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 19, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, NEMOYER, WINSLOW, AND BANNISTER, JJ.


240 CAF 20-01265

[*1]IN THE MATTER OF KIRK M.B., PETITIONER-RESPONDENT,
v
RACHEL S., RESPONDENT-APPELLANT, AND STEVEN T.S., RESPONDENT. 






WEISBERG & ZUKHER, PLLC, SYRACUSE (DAVID E. ZUKHER OF COUNSEL), FOR RESPONDENT-APPELLANT. 
JEFFREY DEROBERTS, SYRACUSE (BRADLEY E. KEEM OF COUNSEL), FOR PETITIONER-RESPONDENT. 
KAREN J. DOCTER, FAYETTEVILLE, ATTORNEY FOR THE CHILD. 


 Appeal, by permission of the Appellate Division of the Supreme Court in the Fourth Judicial Department, from an order of the Family Court, Onondaga County (Michael L. Hanuszczak, J.), entered August 18, 2020 in a proceeding pursuant to Family Court Act article 5. The order, among other things, determined that genetic marker testing was in the best interests of the subject child. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs and the matter is remitted to Family Court, Onondaga County, for further proceedings in accordance with the following memorandum: In this proceeding to establish paternity, respondent mother appeals from an order in which Family Court, without conducting a hearing, determined that genetic marker testing was in the best interests of the child and ordered such testing.
We agree with the mother that the court erred in ordering genetic marker testing without first holding a hearing to determine whether testing was in the best interests of the child. It is undisputed that, at the time of the child's birth, respondents were married to one another, and respondents alleged that they had access to each other during the relevant time frame such that the presumption of legitimacy would apply. Although the court has the authority to order genetic marker and DNA testing in order to establish paternity, "[n]o such test shall be ordered . . . upon a written finding by the court that it is not in the best interests of the child on the basis of . . . the presumption of legitimacy of a child born to a married woman" (Family Ct Act § 532 [a]; see Matter of Tracy C.O. v Douglas A.F., 66 AD3d 1390, 1391-1392 [4th Dept 2009]; see also Matter of Jennifer L. v Gerald S., 145 AD3d 1581, 1582-1583 [4th Dept 2016], lv dismissed 29 NY3d 942 [2017]). On this record, "[t]here was insufficient evidence before the court to determine the child's best interests," and we thus conclude that, before ordering the genetic marker test, the court should have conducted a hearing to determine whether it was in the best interests of the child to do so, based on the presumption of legitimacy (Tracy C.O., 66 AD3d at 1392 [internal quotation marks omitted]; see Matter of Schenectady County Dept. of Social Servs. v Joshua BB., 168 AD3d 1244, 1245 [3d Dept 2019]). We therefore reverse the order and remit the matter to Family Court for further proceedings on the petition consistent with this decision.
Entered: March 19, 2021
Mark W. Bennett
Clerk of the Court