Matter of Kim A.F. v Alexis M.B.-R. (2025 NY Slip Op 02437)

Matter of Kim A.F. v Alexis M.B.-R.

2025 NY Slip Op 02437

Decided on April 25, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 25, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CURRAN, GREENWOOD, DELCONTE, AND KEANE, JJ.

58 CAF 23-00549

[*1]IN THE MATTER OF KIM A.F., PETITIONER-RESPONDENT,
v
ALEXIS M.B.-R., RESPONDENT-APPELLANT. 

ROBERT GALLAMORE, ST. GEORGE, UTAH, FOR RESPONDENT-APPELLANT. 
WEISBERG & ZUKHER, PLLC, SYRACUSE (DAVID E. ZUKHER OF COUNSEL), FOR PETITIONER-RESPONDENT.
SCOTT A. OTIS, WATERTOWN, ATTORNEY FOR THE CHILD. 

 Appeal from an order of the Family Court, Oswego County (Thomas Benedetto, J.), entered March 8, 2023, in a proceeding pursuant to Family Court Act article 5. The order adjudged that petitioner is the father of the subject child. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Family Court Act article 5, respondent appeals from an order of filiation adjudging that petitioner is the father of the subject child.
We reject respondent's contention that Family Court erred in ordering genetic marker testing. The court has the authority to order genetic marker testing in order to establish paternity (Family Ct Act § 532 [a]). "No such test shall be ordered, however, upon a written finding by the court that it is not in the best interests of the child on the basis of[, inter alia,] equitable estoppel or the presumption of legitimacy of a child born to a married woman" (id.; see Matter of Kirk M.B. v Rachel S., 192 AD3d 1492, 1493 [4th Dept 2021]). Contrary to respondent's contention, the court properly determined that petitioner overcame the presumption of legitimacy by demonstrating the existence of a non-frivolous controversy regarding paternity (see Matter of Gutierrez v Gutierrez-Delgado, 33 AD3d 1133, 1134 [3d Dept 2006]). The burden then shifted to respondent to establish that ordering the paternity test would not be in the child's best interests (see Matter of Mario WW. v Kristin XX., 173 AD3d 1392, 1394 [3d Dept 2019], lv denied 40 NY3d 901 [2023]), which she failed to do. Contrary to respondent's further contention, she did not establish that the doctrine of equitable estoppel precluded paternity testing. Although equitable estoppel may be applied to "protect the status interests of a child in an already recognized and operative parent-child relationship" (Matter of Baby Boy C., 84 NY2d 91, 102 n [1994]), no such relationship was evident here. Respondent asserted that her husband held himself out as the father of the child, but the testimony at the hearing established that no father was listed on the child's birth certificate, that respondent and her husband had been separated since before the child was born, and that respondent had previously consented to the entry of an order of custody and visitation pursuant to which she and her mother shared joint custody of the child, the child would reside with respondent's mother, and no provisions were made for visitation with the husband. Although the doctrine of equitable estoppel may be applied to preclude a parent from challenging an order of filiation, it is the child's best interests that are of paramount concern (see Matter of Louise P. v Thomas R., 223 AD2d 592, 593 [2d Dept 1996]).
Respondent next contends that evidence of petitioner's alleged drug use and abusive behavior is relevant to the best interests analysis and that the court thus erred in limiting her testimony on those matters. We reject that contention. The best interests determination with respect to genetic testing in a paternity proceeding addresses what is in "the best interests of the [*2]child and not the equities between the adults" (Matter of Danielle E.P. v Christopher N., 208 AD3d 978, 980 [4th Dept 2022], lv denied 39 NY3d 904 [2022]) and is distinct from a best interests analysis used in custody proceedings (see Matter of Michael S. v Sultana R. 163 AD3d 464, 477 [1st Dept 2018], lv dismissed 35 NY3d 964 [2020]). Here, the court properly determined that respondent's proposed testimony is not relevant to whether genetic testing is not in the child's best interests on the basis of the presumption of legitimacy or equitable estoppel (see Danielle E.P., 208 AD3d at 980-981).
Contrary to respondent's contention, the result of the paternity test was properly admitted in evidence inasmuch as respondent offered no evidence rebutting the presumption of its admissibility (see CPLR 4518 [e]; see also Family Ct Act § 532 [a]).
Entered: April 25, 2025
Ann Dillon Flynn
Clerk of the Court