EMIL E. RENNER, Plaintiff, *v.* JOHN T. STANLEY Co., INC., Defendant.

Supreme Court, Kings County, January 31, 1930.

*Louis A. Brown,* for the plaintiff.

*Kirk & Diamond,* for the defendant.

DODD, J. I do not agree with the defendant's contention that the agreement sued on lacked mutuality, and that the relation of the parties was a mere agency at will, revoked by the letter of March 8, 1929. While it is true that the plaintiff did not expressly promise to devote his time to the sale of the defendant's goods, or to use his best efforts to obtain or induce orders from the Merlin Products Corporation, the omission is not fatal. It seems to me that the inevitable and plain construction of the letter of February 25, 1929, is that defendant would pay plaintiff a five per cent commission on all orders received from the Merlin Products Corporation, whether received directly from that company or through the efforts of the plaintiff, or by defendant's own direct solicitation. The promise of the defendant is without qualification or reservation. Indeed, the letter of March eighth indicates clearly that

defendant considered itself so bound, and was endeavoring to qualify that promise by limiting its extent.

The uncontradicted testimony on the trial showed that the Merlin Products Corporation was not a customer of defendant at the time the promise was made, but that immediately thereafter orders were received; that commissions were paid to the plaintiff on orders received prior to March eighth; that plaintiff refused to accept the limitation contained in that letter; that thereafter other orders were received, and finally that some payments were made to plaintiff for orders received after March eighth. Under such a showing the law does not exact an express promise. A promise will be implied where the agreement is instinct with obligation and the implication is supported by the circumstances. To do otherwise would be to defeat the manifest intention of the parties, and to permit injustice by a too rigid adherence to formalism.

I consider this case within the doctrine of the Court of Appeals as declared in *Wood* v. *Lucy, Lady Duff-Gordon* (222 N. Y. 88). The exclusive right to commissions on all Merlin orders parallels the exclusive agency in that case. This conclusion, it seems to me is in harmony with the holding in *Schlegel Mfg. Co.* v. *Cooper's Glue Factory* (231 N. Y. 459), which recognizes the existence of cases in which promises must be implied, cites *Wood* v. *Lucy, Lady Duff-Gordon* with approval, but holds that the agreement which was the subject of its opinion was of a different type, a mere quotation, and refuses to convert it into a contract.

The motion to set aside the directed verdict is denied.