## Julie Strnad, Plaintiff, *v.* Antoine Strnad, Defendant.

Supreme Court, Trial and Special Term, New York County, January 13, 1948.

*Cox & Callie* for plaintiff.

*Frederick J. Raport* and *Philip Wolfson* for defendant.

*Irwin H. Rosenberg,* special guardian ad litem for Antoinette Strnad, an infant.

Greenberg, J.[*]   The court has assumed, for the purpose of this disposition in the light of the record and the concessions made by the defendant, that the plaintiff was artificially inseminated with the consent of the defendant and that the child is not of the blood of the defendant.   Predicated on that assumption the court concludes as follows:

---

[*] Following opinion delivered orally from the bench at the conclusion of the trial.— [Rep.

(1) The defendant is entitled to rights of visitation as heretofore allowed, namely, every Sunday between the hours of 11:00 A.M. and 4:00 P.M. and during such visitations the child will be in the custody of the maternal grandmother. The additional evidence offered by plaintiff, such as it is, is not impressive and does not justify any departure from the ruling heretofore made with respect to the rights of visitation. The defendant has not been shown to be an unfit guardian, on the contrary, the evidence convinces me that the best interests of the child call for these modest visitations.

(2) The court holds that the child has been potentially adopted or semi-adopted by the defendant. In any event, insofar as this defendant is concerned and with particular reference to visitation, he is entitled to the same rights as those acquired by a foster parent who has formally adopted a child, if not the same rights as those to which a natural parent under the circumstances would be entitled.

(3) In the opinion of this court, assuming again that plaintiff was artificially inseminated with the consent of the defendant, this child is not an illegitimate child. Indeed, logically and realistically, the situation is no different than that pertaining in the case of a child born out of wedlock who by law is made legitimate upon the marriage of the interested parties.

(4) The court does not pass on the legal consequences insofar as property rights are concerned in a case of this character, nor does the court express an opinion on the propriety of procreation by the medium of artificial insemination. With such matters the court is not here concerned; the latter problem particularly is in the fields of sociology, morality and religion.

Settle findings of fact, conclusion of law and judgment on five days' notice. Appropriate exception to the plaintiff.