Jack Stanislaw, J.
This is a motion made by plaintiff wife for temporary alimony and counsel fees. She asks support for herself and two daughters, one born September 30, 1958 and the other January 2, 1960. Both of these children were conceived by artificial insemination with donor’s semen (A. P. D.)„ It is conceded that this process of conception was necessitated by the inability of defendant husband to father a child, although he was capable of sexual intercourse. It is also agreed that both of the said children were the direct result of a written agreement made by the parties hereto together with the specific consent of the husband to the wife’s pregnancies.
While the parties live under the same roof they have not, since the inception of their marital difficulties, been living as husband and wife. This situation is the result of the ownership of the home by the husband and the wife’s financial inability to move out with the children. It might be well to note at this time that the court did, with the consent of the attorneys and their respective clients, conduct conferences extending over a long period of time with the attorneys and their clients, with the attorneys alone and with the clients alone in an effort to repair the breach of the family wall, all without success. The differences between the parties appear to be basic and real.
It has come to the attention of this court from a reading of the papers before it as well as from long discussions had during the said conferences that the defendant was and is the sole owner of the stock of corporations that own and operate three camera shops in and about the County of Suffolk; that the defendant also owns substantial parcels of real property, both improved and unimproved; that the defendant earns approximately $80,000 per year, gross, from each of the three camera stores; and that the parties have in the past travelled extensively during each year. The parties enjoy a good standard of living generally, as can be seen from the foregoing and other undisputed facts set forth in their papers.
The court further ascertained that the charges advanced by the wife are grave and that the husband does not defend these charges with evidence of sufficient weight to compel a determination that the plaintiff has little or no chance of success. *888 While the husband makes veiled threats and accusations by innuendo and otherwise, nowhere does he produce tangible facts sufficient to make these charges realistic. In fact, the position taken by the defendant is a study in contradictions. He complains of constant amorous approaches by his wife and at the same time complains that his wife does not satisfy his sexual desires. While he further states that his annual income does not exceed approximately $10,500- per year, an examination of his financial history as noted discloses a gross income of approximately $80,000 per year from each of three stores. At the same time that he pleads his love for “ his ” two daughters he strenuously advances the argument that he is not obligated in any way for their support and maintenance.
The defendant’s theory is that in fact the two girls are illegitimate (and therefore not his problem) by reason of the method of conception. He does in fact cite Strnad v. Strnad (190 Misc. 786); People ex rel. Abajian v. Dennett (15 Misc 2d 260) and Gursky v. Gursky (39 Misc 2d 1083), to bolster his argument. His brief then admits that Strnad v. Strnad (supra) ‘1 is not really applicable since it dealt solely with the question of visitation ”. He then goes further in his brief and says that People ex rel. Abajian v. Dennett (supra) determined the full faith and credit to be given to a Nevada decree and admits that as to that case “ this case also is not relevant”. The case of Gursky v. Gursky (supra, p. 1088) does pertain and the court there specifically determined the right of the wife in a case such as this to compel support of children born out of artificial insemination. The court said: ‘ ‘ However, while the court is constrained to hold that the child of the defendant wife is not the legitimate issue of the plaintiff husband, it does not follow that the husband is thereby free of obligation to furnish support for the child in the opinion of the court. The husband’s declarations and conduct respecting the artificial insemination of his wife by means of a third-party donor, including the husband’s written ‘ consent ’ to the procedure, implied a promise on his part to furnish support for any offspring resulting from the insemination. This, in the light of the wife’s concurrence and submission to artificial insemination, was sufficient to constitute an implied contract. 1 A promise will be implied where the agreement is instinct with obligation and the implication is supported by the circumstances.’ (Renner v. Stanley Co., 136 Misc. 492, 493.) And ‘ An agreement may result as a legal inference from the facts and circumstances of the case, although not formally stated in words.’ (Wells v. Mann, 45 N. Y. 327, 331.) ”
*889 This court therefore holds as follows: (1) That the defendant shall pay to plaintiff for the support of herself and the two children pending the trial of this action the sum of $150 per week, commencing as of February 1, 1964; (2) that the husband shall turn over to the wife the keys and registration of one of the two automobiles owned by defendant (the Mercury convertible) for the use of herself and the children; (3) that there be paid to the wife in addition the sum of $750 as and for attorney’s fees, to be paid as follows: one half within 10 days from the service of the order to be entered herein and the balance thereof when this case appears on the Day Calendar for trial.