Arthur S. Hirsch, J.
At the conclusion of the trial of this action for divorce, the court found for the defendant wife on her counterclaim for divorce and awarded custody of the infant children, namely, Kim and Kenzie, to the defendant wife.
The question remaining before the court is whether the plaintiff husband has responsibility to furnish support for the child Kim. The facts are as follows: Plaintiff and defendant were married on September 26, 1965. At the time of their marriage, defendant stated that she advised the plaintiff that she was the mother of a child three years old (this child, Kim, *611 is the subject of the instant controversy). According to the wife, the plaintiff "signed” a birth certificate as the natural father of Kim, and, in fact, defendant’s Exhibit A, a certified copy of the child’s birth certificate, lists "Richard Lewis”, the plaintiff, as the father of "Kim Lewis”. Defendant does concede that the plaintiff is not the natural father of the child, but states that the plaintiff agreed to be listed as the father of the child and to act as the father. It would further appear that during the years 1965 through 1969 (at which time the parties separated), the plaintiff supported and raised Kim "as his own”.
The question posed before the court is one of first impression. However, the same question accompanied by dissimilar fact patterns has cropped up before. In the case of Gursky v Gursky (39 Misc 2d 1083) defendant was granted a judgment of annulment. During the course of that trial, there was brought out that as a result of the wife being artificially inseminated, she gave birth to a child. It was conceded that the birth certificate listed the defendant as the mother and the plaintiff as the father. The evidence further revealed that the father had given his written consent to the procedure. In dealing with the husband’s duty to support the child the court (Costanting, J.) found, firstly, that the child was not the legitimate issue of the husband. Judge Costantino went on, however, to rule that nevertheless the husband was obligated to support the child stating (p 1089): "The court concludes in the instant case that the husband is liable for the support of the child here involved, whether on the basis for an implied contract to support or by reason of application of the doctrine of equitable estoppel”.
In the case of Wener v Wener (59 Misc 2d 957) the husband instituted an action for divorce. The wife counterclaimed for divorce and for support of herself and a child. The child admittedly was neither an issue of the marriage nor the natural or adopted child of either party. The child in question had been brought by the wife from Florida to New York shortly after its birth. Although never formally adopted, the baby resided with the husband and wife until they separated. The wife’s testimony that she and her husband agreed to adopt the child was denied by the husband who maintained he never wanted the child. The court in Wener (Multer, J.) accepted the wife’s version of the facts and found that even without any formal adoption, the agreement between the *612 husband and wife required a finding that (p 962) "[b]oth * * * parties” must support the child. In view of the financial condition of the parties, the husband was directed to support the child. The trial court’s decision was affirmed by the Appellate Division (35 AD2d 50). In the course of the opinion, the Appellate Court stated (p 53): "the plaintiff’s primary obligation rests upon the dual foundation of an implied contract to support the child and equitable estoppel”.
There is no question that the plaintiff is not the natural father of the child Kim nor did his compliance in being listed on the birth certificate as the father of the child constitute the formal adoption which would render him liable for support. While a certified copy of a birth certificate may be prima facie evidence of the facts stated therein (Public Health Law, § 4103, subd 3) the presumption in this case is completely destroyed by the definitive testimony by the wife as to the child’s parentage. This court thus can find no duty for support based upon the fact that this child is an issue of the marriage. Nevertheless, it is the opinion of the court that the duty to support the child is owed by the plaintiff.
The fact pattern in the instant matter falls somewhere in between the Gursky and Wener cases. Although there is some question as to whether plaintiff agreed to embrace Kim as his own offspring prior to his marriage, there is no question that his consent was given during the marriage, for the date of the corrected certificate approved for filing is September 1, 1967, some two years after the marriage and some two years before the separation of the parties. This act by the husband was in the nature of an implied contract to support and the husband’s subsequent actions were consistent with his implied promise. A further fact that the court takes into consideration in addition to those already discussed is the absence of Kim’s natural father. The defendant herein was entitled to rely on her husband’s actions as an indication that he was ready and willing to assume the role of a father to Kim and he evidently did nothing to dissuade her from this belief until the actual separation. The court will not conjecture as to what actions, if any, Kim’s mother may have taken for the child’s interests in the absence of her husband’s "adoption” of her daughter. Suffice it to say that after the plaintiff’s actions, she was justified in relying upon his sincerity in being responsible for the child. Thus, the theory of equitable estoppel now prevents the husband from denying that assumption of responsibility *613 upon which his wife relied. As stated in Wener v Wener (35 AD2d 50, 53, supra): "To the extent that the facts in Gursky (supra) similarly precluded resort to a 'natural’ or 'adoptive’ father for support, that case is most closely analogous to our own. Its reasoning is sound and doubtless applicable upon the facts at bar.”
As stated at the outset, the court granted defendant wife a divorce on her counterclaim and no award for alimony or counsel fees is made for the wife since she is gainfully employed and her husband has only a limited income. In view of the plaintiffs unemployment and limited income, an award of $10 per week is made for each child, in the total sum of $20.
The parties have the option, of course, at any time to request a modification of this judgment in the event of changed circumstances.