■ ANONYMOUS, Respondent, v ANONYMOUS, Appellant. STEPHEN GASSMAN, Guardian Ad Litem, Appellant.—In a matrimonial action, the defendant wife and the guardian ad litem appeal from a judgment of the Supreme Court, Suffolk County, entered May 14, 1976, which, after a nonjury trial, *inter alia,* granted plaintiff a divorce. Judgment modified, on the law and the facts, by (1) deleting from the first decretal paragraph thereof all language beginning with the words "the commission by" and ending with the word "adultery", and substituting therefor the following: "the cruel and inhuman treatment of both parties"; (2) adding to the second decretal paragraph thereof, immediately after the word "dismissed", the following: "except the counterclaim for divorce on the ground of plaintiff's cruel and inhuman treatment"; (3) deleting from the fifth decretal paragraph thereof the words "exclusive of" and substituting therefor the following: "including, with the exception of equipment and fixtures"; (4) adding to the ninth decretal paragraph thereof, immediately after the words "children's property", the following: "the personalty inherited by defendant from her father"; and (5) deleting from the eleventh decretal paragraph thereof the words "and counsel fees" and adding thereto, between the words "alimony" and "child support" the word "and". As so modified, judgment affirmed, with one bill of costs to defendant payable by plaintiff, and action remitted to the Special Term for a hearing as to the amount of the counsel fee which should be awarded to defendant, and for the entry of an appropriate amended judgment. The record substantiates the gross misconduct of both parties. Although the husband has grounds for divorce on the basis of defendant's adultery, his recrimination bars such relief and it likewise bars the wife from obtaining such relief (see *Recht v Recht,* 36 AD2d 939). Nevertheless, each party's individual conduct is the basis for a divorce on the ground of cruel and inhuman treatment (see *Good v Good,* 37 AD2d 682). Accordingly, a dual divorce is available and proper under the circumstances of this case (see *John W.S. v Jeanne F.S.,* 48 AD2d 30). Plaintiff is not required to support the wife's children. He was unaware, during the time that he did support them, that they were not his children (cf. *Wener v Wener,* 59 Misc 2d 957, affd 35 AD2d 50; *Lewis v Lewis,* 85 Misc 2d 610; *Gursky v Gursky,* 39 Misc 2d 1083). Plaintiff's dental office is part of the house in which the parties resided. In ordering an appraisal of the residence, the court excluded

that portion of the building. Inasmuch as the parties owned the building as tenants by the entirety, it was improper to compute the wife's share based upon less than the whole. The court ordered an equal division of the personalty owned by the parties. Since the husband admitted that much of the personalty had been inherited by his wife from her father, it was improper to include such personalty among those items which the husband was to share. It was also error to have denied the wife a counsel fee. Her misconduct is not an automatic bar to an award of a counsel fee (see *Sheil v Sheil,* 29 AD2d 950); nor is the fact that she has some money of her own (see *Walker v Walker,* 18 AD2d 684). A balancing of all appropriate factors in this case leads us to the conclusion that a counsel fee should be awarded and a hearing should be held to determine the amount of such fee. Special Term denied alimony to the wife. In view of her misconduct, and in the light of section 236 of the Domestic Relations Law, that ruling is correct. We have examined appellants' other arguments and find them to be without merit. Cohalan, J. P., Hawkins, Suozzi and Mollen, JJ., concur.