OPINION OF THE COURT
Joseph S. Mattina, J.
A trial was held in the above-entitled case and decision reserved to give opposing counsel an opportunity to submit memoranda of law regarding the validity and applicability of the principles enumerated in Anonymous v Anonymous (57 AD2d 938).
The plaintiff in his complaint alleges a cause of action for divorce on the grounds of adultery. The defendant in her answer alleges a denial, an affirmative defense of adultery and a counterclaim for general abandonment.
The trial clearly established that plaintiff committed adultery and that he abandoned his wife. The proof further established that the defendant wife, subsequent to the abandonment, also committed adultry.
*1001 Subdivision 4 of section 171 of the Domestic Relations Law provides in pertinent part: “the plaintiff is not entitled to a divorce, although adultery is established: * * * 4. Where the plaintiff has also been guilty of adultery under such circumstances that the defendant would have been entitled, if innocent, to a divorce.”
Defendant correctly states that the New York State Legislature by promulgating subdivision 4 of section 171 of the Domestic Relations Law expressly established recrimination as a complete defense to plaintiff’s divorce based on adultery.
Likewise, this court is in agreement with defendant that Anonymous v Anonymous (supra) should not be followed since by that court’s decision it effectively abrogated subdivision 4 of section 171 of the Domestic Relations Law.
Based on subdivision 4 of section 171 of the Domestic Relations Law this court, therefore, denies plaintiff a divorce. The wife, on the other hand, has proved cause of action for abandonment, leaving the question of whether she is entitled to support to be decided.
On this issue, plaintiff contends that if the defendant commits adultery the court is precluded from awarding defendant alimony because of the following language in section 236 of the Domestic Relations Law: “such misconduct would itself constitute grounds for separation or divorce”.
However, Foster and Freed’s, Law and the Family (vol 2, § 22.21, p 77) discussing the effects of the wife’s misconduct relative to section 236 of the Domestic Relations Law stated: “To the extent that it is only through an alimony award that the wife may attain a measure of economic justice, since New York is not a community property state and the partnership perspective does not apply to matrimonial property, it may be argued that no misconduct should bar the wife’s right to alimony if there is actual need and ability to pay.”
Furthermore, it is this court’s opinion that the newly enacted matrimonial law amending section 236 of the Domestic Relations Law dispenses with misconduct as a bar to alimony relief. Rather maintenance is to be deter *1002 mined by the court based on 10 factors. Factor 10, in particular, contains the following nebulous phraseology: “Any other factor which the court shall expressly find to be just and proper.”
Based on that language, the court could conceivably consider the wife’s misconduct, however, only as one from among various other factors to be weighed in deciding whether alimony should be granted or denied.
In view of the enlightened approach taken by Foster and Freed which has apparently been adapted by the framers of the newly enacted matrimonial law and based on the following circumstances present in this case; a 26-year-old marriage during which five children were born, a husband who abandoned his wife to live with another woman, a wife who did not enter into an adulterous relationship until after she was abandoned by her husband, and a defendant wife who is disabled and unable to support herself and who will have to rely upon public assistance, this court in its discretion finds that defendant wife is entitled to support.
Accordingly, plaintiff’s action for divorce based on adultery is denied. The defendant’s counterclaim for abandonment is granted. By stipulation of the parties, the amount of support for defendant and children of the marriage, as well as custody and visitation rights is referred to Family Court.