■ In the Matter of VERNARD GREENE, Appellant, v RASHEDA GILES, Respondent. [728 NYS2d 711] —In a paternity proceeding pursuant to Family Court Act article 5, Vernard Greene appeals from an order of the Family Court, Kings County (Freeman, J.), dated May 30, 2000, which denied his motion to vacate an order of filiation of the same court, dated June 18, 1999, entered on his consent.

Ordered that the order is reversed, on the law, without costs or disbursements, and the matter is remitted to the Family Court, Kings County, for a hearing in accordance herewith.

The child whose paternity is the subject of this proceeding was born in 1994. In March 1998, the petitioner commenced this proceeding to determine paternity, and thereafter blood tests were conducted. The petitioner also brought a separate proceeding seeking custody of the child. Notwithstanding that the blood test results demonstrated that the petitioner was not the father of the child, he consented to the entry of an order of filiation. In March 2000, the petitioner moved to vacate that order. The Family Court denied the motion without conducting a hearing concerning the best interests of the child. This was error.

It is the child's best interests which are of paramount concern (see, Matter of Louise P. v Thomas R., 223 AD2d 592; Matter of Barbara A. M. v Gerard J. M., 178 AD2d 412). In this case, there was insufficient evidence before the court from which to determine the child's best interests. Accordingly, we remit the matter for a hearing to determine the child's best interests, and for the entry of an appropriate order. Ritter, J. P., McGinity, Luciano and Feuerstein, JJ., concur.