■ In the Matter of WILLIE GRIFFIN, Appellant, v CYNTHIA MARSHALL, Respondent. [742 NYS2d 116] —In a paternity proceeding pursuant to Family Court Act article 5, the petitioner appeals from an order of the Family Court, Kings County (Freeman, J.), dated April 23, 2001, which denied his motion to vacate an order of filiation of the same court (Porzio, J.), dated July 9, 1996, entered on his consent.

Ordered that the order is affirmed, with costs.

The petitioner father and the respondent mother were involved in a sexual relationship for several years. The mother became pregnant during that time, and on June 10, 1996, she gave birth to a son. About one month later, on July 9, 1996, the father petitioned for an order of filiation and custody of the child. The Family Court granted his petition that same day, and orders of filiation and custody were issued. Shortly thereafter, the mother sought custody based upon changed circumstances, and on November 13, 1996, the court awarded her custody with the father's consent.

Following the change in custody, the father made support payments for the child, paid his tuition at a private school, and defrayed his medical expenses. However, on June 16, 2000, when the child was four years old, the father filed a motion seeking to vacate the order of filiation claiming that he was not the child's biological father. The child's Law Guardian opposed the motion with evidentiary submissions which included an affidavit from the principal of the child's school, a notarized letter from the child's babysitter, and an affirmation based on facts she had obtained from her own investigation and interviews. The Family Court denied the motion without a hearing, finding, inter alia, that it was in the best interests of the child to apply the doctrine of equitable estoppel to preclude the father from contesting the 1996 order of filiation.

Contrary to the father's contention, the Family Court properly determined that the doctrine of equitable estoppel precludes his challenge to the paternity of the child. In determining whether the doctrine should be applied to a particular case, the child's best interests are of paramount concern (*see Matter of Greene v Giles*, 286 AD2d 390; *Matter of Louise P. v Thomas R.*, 223 AD2d 592; *Matter of Barbara A.M. v*

*Gerard J.M.,* 178 AD2d 412; *Matter of Ettore I. v Angela D.,* 127 AD2d 6). Here, the record reveals that the Law Guardian interviewed the mother, the child, and several individuals who had observed the ongoing relationship between the father and the child. The evidence adduced by this investigation demonstrated that the father and the child had a close relationship which began at the child's birth. The father voluntarily supported the child, and was the only father known to him. Furthermore, since there was sufficient evidence before the court to determine the child's best interests, the court properly denied the father's motion without conducting a hearing (*see Matter of Barbara A.M. v Gerard J.M., supra; Matter of Ettore I. v Angela D., supra; cf. Matter of Louise P. v Thomas R., supra*). Santucci, J.P., S. Miller, Krausman and Goldstein, JJ., concur.