■ In the Matter of Ruth W., Appellant, v Lewis F., Also Known as Claude Wallis W., Respondent. [783 NYS2d 73]—

In two related proceedings pursuant to Family Court Act article 5, inter alia, to establish paternity, the petitioner appeals (1) from so much of an order of the Family Court, Kings County (Adams, J.), dated November 19, 2002, as, in effect, upon reargument, denied that branch of her motion which was to reinstate the petition with regard to the child Shalena W., and (2), by permission, from so much of the same order as granted that branch of her motion which was to reinstate the petition as to the child Quymell W. only to the extent of directing a hearing on the issue of the child's best interests.

Ordered that the order is affirmed, without costs or disbursements.

The petitioner, as the mother of both children, had standing to bring a paternity proceeding on behalf of each child provided

she did so before the child reached the age of 21 (*see* Family Ct Act § 522). Nonetheless, while a paternity proceeding may be maintained to determine the status of a child (*see Matter of Sharon GG. v Duane HH.,* 95 AD2d 466 [1983], *affd* 63 NY2d 859 [1984]), the primary purpose of Family Court Act article 5 is to advance the best interests of the child by determining paternity as a step in obtaining contribution from the putative father for the support of the child (*see Matter of L. Pamela P. v Frank S.,* 59 NY2d 1 [1983]).

There is no dispute that Shalena was over the age of 18 at the time the petition was filed, living in her own economic unit with a boyfriend, and not receiving any support from the petitioner. (The record is barren as to whether Shalena was receiving any governmental assistance, a circumstance which, if established, might entitle the payor of such assistance to seek reimbursement from the parents of the child pursuant to Family Ct Act § 522.) Thus, for the limited purpose of these proceedings, Shalena was emancipated, and there was no economic interest of either the petitioner or Shalena at issue. Moreover, there is no indication in the record or the briefs submitted herein that the petitioner could articulate any reason (other than to satisfy her own curiosity as to Shalena's paternity) upon which the court could conclude that a determination of paternity of Shalena would in any way advance her best interests (*see Matter of L. Pamela P. v Frank S., supra*). In view of those circumstances, the Family Court properly denied that branch of the petitioner's motion which was to reinstate the petition with regard to Shalena.

The Family Court also providently exercised its discretion in directing a hearing on the best interests of the child Quymell. A finding of paternity would confirm that Quymell was the result of an incestuous relationship. The chief purpose of a paternity proceeding is to secure the health, welfare, and happiness of the child (*see Matter of Ettore I. v Angela D.,* 127 AD2d 6, 14 [1987]). Under these unique circumstances, the Family Court acted well within its discretion in directing a hearing to determine if a legal declaration of paternity will cause Quymell to suffer irreparable loss of status, destruction of his family image, or other harm to his physical or emotional well-being (*see Matter of Charles v Charles,* 296 AD2d 547, 549 [2002]; *Matter of Carol S. v Gerard D.,* 276 AD2d 377 [2000]).

The appellant's remaining contentions are without merit. Ritter, J.P., Krausman, Goldstein and Lifson, JJ., concur.