■ In the Matter of MAURICE T., Appellant, v MARK P., Respondent, et al., Respondent. [804 NYS2d 785]—

In a paternity proceeding pursuant to Family Court Act article 5, the petitioner appeals from an order of the Family Court, Kings County (Silber, J.), dated February 2, 2005, which, without a hearing, dismissed the petition.

Ordered that the order is affirmed, without costs or disbursements.

The subject child was born on January 14, 1999. The name of the respondent Mark P. was listed on her birth certificate, and Mark P. and the mother subsequently married and had another child together. Mark P., the mother, and the two girls lived together until his incarceration in 2002. Shortly thereafter, the mother became gravely ill and voluntarily placed the children in foster care due to her inability to care for them. Mark P. maintained contact with the subject child through visitation and, upon his release from prison, presented himself to the appropriate agency and began to plan for the children's future. Early in 2004, the petitioner, Maurice T., met the subject child for the first time. At that time, Mark P. informed the subject child that Maurice T., and not Mark P., might be her biological father. The child cried inconsolably. The mother died a few months later. Subsequently, Maurice T. commenced this paternity proceeding and requested DNA testing.

The Family Court properly dismissed the petition based on equitable estoppel. "The paramount concern in applying equitable estoppel in [paternity] cases has been, and continues to be, the best interests of the child" (*Jean Maby H. v Joseph H.*, 246 AD2d 282, 285 [1998]; *see Matter of Kump v Basnight*, 297 AD2d 639 [2002]; *Matter of Ettore I. v Angela D.*, 127 AD2d 6, 14 [1987]). The Family Court was presented with sufficient evidence to make a determination as to the child's best interests and, contrary to Maurice T.'s contention, it was within the Family Court's discretion to do so without a hearing (*see Matter of Griffin v Marshall*, 294 AD2d 438, 439 [2002]; *David L. v Cindy Pearl L.*, 208 AD2d 502, 504 [1994]). Crane, J.P., Ritter, Goldstein and Lifson, JJ., concur.