■ In the Matter of NATHALIE N., Respondent, v JEROME W., Appellant. [815 NYS2d 268]—

In a proceeding to establish paternity pursuant to Family Court Act article 5, the putative father appeals, by permission, from an order of the Family Court, Kings County (O'Shea, J.), dated March 30, 2005, which denied his application for a DNA marker test and directed the entry of an order of filiation.

Ordered that the order is affirmed, without costs or disbursements.

In a paternity proceeding, the Family Court's findings are entitled to deference and "generally, should not be disturbed on appeal unless they are found to be contrary to the weight of the evidence" (*Matter of Everlyn T. v Willis Charles T.,* 155 AD2d 546, 546 [1989], quoting *Matter of Shirley R. v Ricardo B.,* 144 AD2d 472, 473 [1988]).

The Family Court providently exercised its discretion in

declining to order a DNA marker test and properly adjudicated the appellant to be the father of the subject children. Assuming that the mother fraudulently deceived the appellant by leading him to erroneously believe that he was the father of the subject children, the appellant held himself out to be their father since their births, 8 and 10 years earlier, signed an acknowledgment of paternity at the time of their respective births, established a viable and ongoing parent-child relationship with them, and is the only father that they had ever known (*see Matter of Maurice T. v Mark P.*, 23 AD3d 567 [2005]; *Matter of Griffin v Marshall*, 294 AD2d 438 [2002]; *Hammack v Hammack*, 291 AD2d 718, 719-720 [2002]). Although the appellant and the mother were never married, the court properly sought to protect the important interest of the operative parent-child relationship (*see Matter of Baby Boy C.*, 84 NY2d 91, 102 [1994]).

Accordingly, the Family Court properly applied the doctrine of equitable estoppel to prohibit the appellant from challenging paternity.

The appellant's remaining contentions are without merit. Florio, J.P., Adams, Santucci and Lunn, JJ., concur.