■ In the Matter of GREG S., Appellant, v KERI C. et al., Respondents. [832 NYS2d 652]—

In a paternity proceeding pursuant to Family Court Act article 5, the petitioner appeals from an order of the Family Court, Orange County (Kiediasch, J.), dated March 16, 2006, which dismissed his petition for an order of filiation declaring him to be the father of the subject child.

Ordered that the order is affirmed, without costs or disbursements.

The Family Court properly applied the doctrine of equitable estoppel and dismissed the paternity petition. The paramount concern in applying equitable estoppel in paternity cases is the best interests of the child (see Matter of Maurice T. v Mark P., 23 AD3d 567 [2005]; Matter of Kump v Basnight, 297 AD2d 639 [2002]). "[C]ourts are more inclined to impose equitable estoppel to protect the status of a child in an already recognized and operative parent-child relationship" (Matter of Sarah S. v James T., 299 AD2d 785, 785 [2002] [internal quotation marks omitted]; Matter of Lorie F. v Raymond F., 239 AD2d 659, 660 [1997]).

Here, the evidence at the hearing established that respondent Thomas C. was named as the child's father on his birth and baptismal certificates, has been held out to the public as the child's father, and has established a strong father-son relationship with the child. The child calls Thomas C. "dad" or "daddy." Thomas C. provides for all the child's needs, and is the only father figure in the child's life (see Matter of Ellis v Griffin, 308 AD2d 449 [2003]; Jean Maby H. v Joseph H., 246 AD2d 282, 284 [1998]).

The petitioner accepted the results of a prenatal paternity test which indicated that he was not the child's father without requesting further testing. He did not support the mother during her pregnancy and was not present at the birth. He never had any contact or communication with the child, and did not file a paternity petition until the child was almost two years old. The respondents reasonably believed that the petitioner would

not attempt to assert paternity, and the respondent Thomas C. and the child subsequently developed a strong father-son relationship. The petitioner's argument that it is desirable for the child to know his true father is insufficient to overcome the equities in the respondents' favor or the benefits accruing to the child by preserving his legitimacy (*see Matter of Sharon GG. v Duane HH.*, 63 NY2d 859 [1984]; *Matter of John Robert P. v Vito C.*, 23 AD3d 659, 662 [2005]). Rivera, J.P., Santucci, Angiolillo and Dickerson, JJ., concur.