■ In the Matter of ANTONIO H., Appellant, v ANGELIC W., Respondent. GEORGE H., Nonparty Respondent. (Proceeding No. 1.) In the Matter of GEORGE H., Respondent, v ANGELIC W., Respondent. ANTONIO H., Nonparty Appellant. (Proceeding No. 2.) [859 NYS2d 670]—

In two related proceedings to establish paternity pursuant to Family Court Act article 5, the putative father Antonio H. ap-

peals from an order of the Family Court, Queens County (Seiden, Ref.), dated July 5, 2006, which, after a hearing, in effect, denied his paternity petition in proceeding No. 1 and granted the paternity petition of George H. in proceeding No. 2 and, in effect, directed the entry of an order of filiation adjudicating George H. the father of the subject child.

Ordered that the order is affirmed, without costs or disbursements.

Contrary to the contentions of the putative father Antonio H. (hereinafter the appellant) the Family Court properly applied the doctrine of equitable estoppel. The paramount concern in applying equitable estoppel in paternity cases is the best interests of the subject child (*see Matter of Shondel J. v Mark D.*, 7 NY3d 320, 326 [2006]; *Matter of Maurice T. v Mark P.*, 23 AD3d 567 [2005]; *Matter of John Robert P. v Vito C.*, 23 AD3d 659, 661 [2005]). Additionally, "courts are more inclined to impose equitable estoppel to protect the status of a child in an already recognized and operative parent-child relationship" (*Matter of Sarah S. v James T.*, 299 AD2d 785, 785 [2002] [internal quotation marks and citations omitted]; *see Matter of Greg S. v Keri C.*, 38 AD3d 905 [2007]).

Here, the evidence established that George H. formed a strong father-daughter relationship with the subject child. In this regard, the record demonstrates that George H. has been the subject child's primary caretaker for her entire life, except for a brief period in her early infancy. The subject child calls George H. "Daddy," and he is the person who has continuously supported her emotionally and financially. Moreover, the subject child has formed emotional and psychological bonds to George H.'s family, and she views them as her family. Additionally, George H. has been held out to the public as the subject child's father.

In contrast, the appellant made no efforts to establish a father-daughter relationship with the subject child. Despite believing himself to be the subject child's biological father and knowing that she was primarily living with and being cared for by George H., he did not file a paternity petition until the subject child was over two years old. He also admitted that he did not send her any gifts, cards, or financial support. Although the Family Court permitted the appellant to be present during the subject child's visitation with the mother, he did not interact with the child and basically ignored her during visitation. There was also a 10-month period where no visitation occurred. Consequently, the appellant allowed the subject child to develop a strong bond to George H. as her father.

The appellant's remaining contentions are without merit. Prudenti, P.J., Miller, Carni and Chambers, JJ., concur.