In a proceeding pursuant to Family Court Act article 5-B, inter alia, to establish a support order, E.T. appeals from an order of the Family Court, Rockland County (Warren, J.), entered September 11, 2007, which, among other things, granted the petitioner’s objections to an order of the same court (Kaufman, S.M.), dated March 7, 2007, which, upon, in effect, granting E.T.’s motion to dismiss the petition, dismissed the petition. By opinion and order of this Court dated May 26, 2009, the order of the Family Court was reversed, the petitioner’s objections were denied, the order of the Support Magistrate was reinstated, and two subsequent orders of the Family Court dated March 25, 2008, and February 9, 2009, were vacated (see Matter of H.M. v E.T., 65 AD3d 119, 123 [2009], revg 16 Misc 3d 1136[A], 2007 NY Slip Op 51711[U] [2007]). By opinion dated May 4, 2010, the Court of Appeals reversed and remitted the matter to this Court “for consideration of questions raised but not determined on the appeal to [this] court” (Matter of MM. v E.T., 14 NY3d 521, 528 [2010]).
Ordered that, upon remittitur from the Court of Appeals, the order entered September 11, 2007, is affirmed, without costs or disbursements, and the orders dated March 25, 2008, and February 9, 2009, are reinstated.
The petitioner, H.M., a Canadian citizen, and the biological mother of the subject child, filed a petition pursuant to the Uniform Interstate Family Support Act (Family Ct Act art 5-B), seeking to obtain child support from E.T., her former same-sex partner with whom she allegedly agreed to conceive a child through artificial insemination by donor (hereinafter AID), and upon whose promise of support she allegedly relied in so conceiving the child. The allegations of the petition, which in the present procedural posture must be accepted as true (see Morone v *529 Morone, 50 NY2d 481, 484 [1980]; Underpinning & Found. Constructors v Chase Manhattan Bank, N.A., 46 NY2d 459, 462 [1979]), were set forth in the opinion of the Court of Appeals in Matter of H.M. v E.T. (14 NY3d 521 [2010]), and will not be repeated here.
In our prior decision, this Court, concluding that the Family Court lacked subject matter jurisdiction to entertain H.M.’s petition, reversed the order of the Family Court, denied H.M.’s objections, reinstated the order of the Support Magistrate, and vacated two subsequent orders of the Family Court dated March 25, 2008, and February 9, 2009, which had invoked equitable estoppel and imposed a support order payable by E.T. to H.M. for child support, respectively (see Matter of H.M. v E.T., 65 AD3d 119 [2009]). By opinion dated May 4, 2010, the Court of Appeals reversed the determination that the Family Court lacked subject matter jurisdiction, and remitted the matter to this Court for consideration of the question, raised but not determined upon appeal to this Court, of whether H.M.’s petition sufficiently states a cause of action for child support pursuant to Family Court Act articles 4 and 5-B (see Matter of H.M. v E.T., 14 NY3d at 528).
In particular, H.M.’s petition seeks an order of support predicated upon a determination, through the application of the doctrines of equitable estoppel and implied contract, that E.T. is chargeable with the support of the subject child, and is not entitled to disclaim that obligation. We evaluate this claim for relief in accordance with the Court of Appeals’ holding that such a claim lies within the Family Court’s “article 4 jurisdiction,” pursuant to which the “Family Court also has the inherent authority to ascertain in certain cases whether a female respondent is, in fact, a child’s parent” (id. at 527). We now conclude that H.M. has stated a viable cause of action for the invocation of equitable estoppel to determine whether her former same-sex partner should be compelled to pay child support pursuant to Family Court Act articles 4 and 5-B.
The doctrine of equitable estoppel has long been invoked to prevent a putative father, who has established a relationship with a child, from denying paternity in order to avoid paying support (see Matter of Shondel J. v Mark D., 7 NY3d 320, 326 [2006]; Matter of Antonio H. v Angelic W., 51 AD3d 1022 [2008]; Matter of Greg S. v Keri C., 38 AD3d 905 [2007]; Matter of Nathalie N. v Jerome W, 29 AD3d 912, 913 [2006]; Matter of Charles v Charles, 296 AD2d 547, 549 [2002]; Matter of Griffin v Marshall, 294 AD2d 438, 438-439 [2002]; Ocasio v Ocasio, 276 AD2d 680, 681 [2000]). The “ ‘paramount’ concern in such cases *530 ‘has been and continues to be the best interests of the child’ ” (Matter of Juanita A. v Kenneth Mark N., 15 NY3d 1, 5 [2010], quoting Matter of Shondel J. v Mark D., 7 NY3d at 326; Matter of Jose F.R. v Reina C.A., 46 AD3d 564 [2007]; Matter of Vernon J. v Sandra M., 36 AD3d 912, 913 [2007]; Matter of Maurice T. v Mark R, 23 AD3d 567 [2005]). Consistent with this principle, this Court has acknowledged that application of the doctrine of equitable estoppel would be appropriate, if determined to be in the best interests of the child, even under circumstances in which the child’s “true paternity [was] not in issue” (Matter of Charles v Charles, 296 AD2d at 549; see Matter of Shondel J. v Mark D., 7 NY3d at 329-330).
Indeed, this Court and other courts have employed the doctrine of equitable estoppel, sometimes in conjunction with that of implied contract, to hold parties responsible for paying child support, not only in the absence of a biological or adoptive connection to the subject child, but in the absence of an established parent-child relationship, where those parties agreed either to adopt the child or to cause the child’s conception through AID (see Laura WW. v Peter WW., 51 AD3d 211, 218 [2008]; Wener v Wener, 35 AD2d 50, 53 [1970]; Matter of Karin T. v Michael T, 127 Misc 2d 14 [1985]; Gursky v Gursky, 39 Misc 2d 1083, 1088 [1963]). This Court’s decision in Wener, holding that a husband could be required, under the “dual foundation” of equitable estoppel and implied contract, to support a child whom he had neither fathered nor adopted (Wener, 35 AD2d at 53), was later sanctioned by the Court of Appeals in Matter of Baby Boy C. (84 NY2d 91, 101-103 [1994]). In permitting a husband to revoke his consent to joint adoptions of children already taken into his wife’s care, the Court of Appeals, relying upon Wener, reasoned that “denial of the adoptions by [the husband would] not leave the children or [the wife] as their guardian without recourse to an appropriate economic remedy” (Matter of Baby Boy C., 84 NY2d at 102-103).
Therefore, this Court has previously employed the “implied promise-equitable estoppel ápproach” (Wener, 35 AD2d at 53) to preclude a man with no biological or adoptive connection to a child from disavowing a relied-upon, implied promise to support the child, thus preventing the man from leaving the child without the support of two parents, as originally contemplated. By parity of reasoning, we hold that where the same-sex partner of a child’s biological mother consciously chooses, together with the biological mother, to bring that child into the world through AID, and where the child is conceived in reliance upon the partner’s implied promise to support the child, a cause of action *531 for child support under Family Court Act article 4 has been sufficiently alleged (see Laura WW. v Peter WW., 51 AD3d at 218; Wener, 35 AD2d at 53; Matter of Karin T. v Michael T, 127 Misc 2d 14 [1985]; Gursky v Gursky, 39 Misc 2d at 1088; see also Matter of Charles v Charles, 296 AD2d at 549).
In accordance with the foregoing, we conclude that sufficient allegations have been raised in H.M.’s petition, warranting a hearing in the Family Court on the issue of whether E.T. should be equitably estopped from denying her responsibility to support the subject child (see Wener, 35 AD2d at 50; Matter of Karin T. v Michael T, 127 Misc 2d at 16-17; Gursky v Gursky, 39 Misc 2d at 1088). Therefore, we affirm the order entered September 11, 2007, and reinstate the two subsequent orders dated March 25, 2008, and February 9, 2009. Fisher, J.P., Covello, Angiolillo, Balkin and Chambers, JJ., concur. [Prior Case History: 16 Misc 3d 1136(A), 2007 NY Slip Op 51711(U).]