In the Matter of WILLIE W., Appellant, v MAGDALENA D., Respondent. [911 NYS2d 433]—

In a paternity proceeding pursuant to Family Court Act article 5, the putative father Willie W. appeals from an order of the Family Court, Westchester County (Edlitz, J.), entered September 30, 2009, which, without a hearing, and upon granting the

mother's motion to dismiss the petition on the ground of equitable estoppel, dismissed the petition.

Ordered that the order is affirmed, without costs or disbursements.

Contrary to the putative father's contentions, the Family Court properly granted the mother's motion to dismiss the petition on the ground of equitable estoppel. The paramount concern in applying equitable estoppel in paternity cases is the best interests of the subject child (*see Matter of Shondel J. v Mark D.*, 7 NY3d 320, 326 [2006]; *Matter of Maurice T. v Mark P.*, 23 AD3d 567 [2005]; *Matter of John Robert P. v Vito C.*, 23 AD3d 659, 661 [2005]). Here, the putative father, who is serving a sentence of 32 years of imprisonment, waited until the subject child was 10 years old before seeking to establish his paternity and provided no explanation for the delay. He admittedly has had no contact with the subject child since at least 2003 and has not provided financial support for the subject child. Additionally, the attorney for the child met with the subject child and observed that the subject child considered the mother's fiancé, with whom he and the mother have resided since 2003, to be his father. The putative father also failed to identify the benefit that would accrue to the subject child if his petition was granted. The putative father's remaining contentions are without merit.

Consequently, as the Family Court was presented with sufficient information to make a determination as to the subject child's best interests, the Family Court properly granted the mother's motion to dismiss the petition on the ground of equitable estoppel without conducting a hearing (*see Matter of Maurice T. v Mark P.*, 23 AD3d at 567; *Matter of Griffin v Marshall*, 294 AD2d 438, 438 [2002]; *Matter of Mobley v Ishmael*, 285 AD2d 648, 648 [2001]). Fisher, J.P., Florio, Leventhal and Hall, JJ., concur.