■ In the Matter of LEONARDO ANTONIO V., Appellant, v ESTATE OF JOANNA B., Respondent. [919 NYS2d 363]—

The Family Court properly dismissed the petition based on equitable estoppel. The paramount concern in applying equitable estoppel in paternity cases is the best interests of the subject child (*see Matter of Shondel J. v Mark D.*, 7 NY3d 320, 326 [2006]; *Matter of Juan A. v Rosemarie N.*, 55 AD3d 827 [2008]; *Matter of Antonio H. v Angelic W.*, 51 AD3d 1022 [2008]). Here, the petitioner commenced this proceeding after he had been arrested and charged with murdering the subject child's mother. The petitioner was subsequently convicted, inter alia, of murder in the first degree and sentenced to life in prison without the possibility of parole. The evidence established that the six-year-old subject child had a relationship with a person identified by her deceased mother as her biological father. Accordingly, the petitioner failed to identify any benefit that would accrue to the subject child if the petition were granted (*see Matter of Willie W. v Magdalena D.*, 78 AD3d 958 [2010]; *see also Matter of Ruth W. v Lewis F.*, 11 AD3d 627 [2004]).

Since the Family Court was presented with sufficient information to make a determination as to the subject child's best interests, the Family Court properly granted the motion of the Attorney for the Child to dismiss the petition on the ground of equitable estoppel without conducting a hearing (*see Matter of Maurice T. v Mark P.*, 23 AD3d 567 [2005]; *Matter of Griffin v Marshall*, 294 AD2d 438 [2002]). Covello, J.P., Hall, Lott and Cohen, JJ., concur.