■ In the Matter of ANDRE ASIM M., Appellant, v MADELINE N., Respondent. [961 NYS2d 42]—

Order, Family Court, Bronx County (Jody Adams, J.), entered on or about March 17, 2011, which, after a hearing, denied the petition to vacate the acknowledgment of paternity of the child, unanimously affirmed, without costs. Appeals from order, same

court and Judge, entered on or about July 21, 2010, unanimously dismissed, without costs, as abandoned.

The acknowledgment of paternity was not void because the mother was legally married at the time she and petitioner executed it, as nothing in Public Health Law § 4135-b (2) (b) requires the mother to have been unmarried at the time the child was born. Assuming that petitioner demonstrated that he signed the acknowledgment of paternity under a mistake of fact, the Family Court was required to conduct a hearing on the best interests of the child before ordering a genetic marker test (*see Matter of Westchester County Dept. of Social Servs. v Robert W.R.*, 25 AD3d 62, 69-71 [2d Dept 2005]), and properly determined that it was not in the child's best interests on the basis of equitable estoppel to order genetic marker tests (Family Ct Act § 516-a [b] [ii]). A man who mistakenly represents himself as a child's father may be equitably stopped from denying paternity, and made to pay child support, when the child justifiably relied on the man's representation of paternity, to the child's detriment because it is shown that a parent-child relationship has developed between the two (*see Matter of Shondel J. v Mark D.*, 7 NY3d 320, 324, 327 [2006]).

The record demonstrates that, after the child was born in 2005, appellant held himself out to be the father of the child to his family and coworkers, permitted the child to call him "daddy," provided the mother with support for the child, and placed the child on his medical insurance until January 2009, when he ceased interacting with the child based on his belief he was not the biological father (*see Matter of Merritt v Allen*, 99 AD3d 1006, 1007 [2d Dept 2012]; *Matter of Griffin v Marshall*, 294 AD2d 438, 439 [2d Dept 2002]). The record also demonstrates that at the time appellant sought to vacate the acknowledgment of paternity, the child recognized him as his father and continued to have a relationship with appellant's family even after appellant stopped seeing him (*see Matter of Savel v Shields*, 58 AD3d 1083 [3d Dept 2009]).

The court properly excluded the emails appellant sought to introduce into evidence, because the mother's belief as to whether maintaining the legal relationship between appellant and the child was in her son's best interest was irrelevant to the court's determination of whether equitable estoppel applied.

We have reviewed and considered appellant's remaining contentions and find them unavailing. Concur—Andrias, J.P., Renwick, Freedman and Gische, JJ.