■ In the Matter of RONELL W., Appellant, v NANCY G., Respondent. [994 NYS2d 376]—

In a paternity proceeding pursuant to Family Court Act article 5, the petitioner appeals from an order of the Family Court, Suffolk County (Freundlich, J.), dated October 1, 2013, which granted the mother's application to dismiss the petition on the ground that the petitioner was civilly dead pursuant to Civil Rights Law § 79-a (1).

Ordered that the order is reversed, on the law, without costs or disbursements, the petition is reinstated, and the matter is remitted to the Family Court, Suffolk County, for further proceedings in accordance herewith.

The petitioner, who was convicted of federal crimes in federal court and sentenced to death, filed a paternity petition pursuant to Family Court Act article 5, seeking to be declared the father of the subject child. The mother made an oral application to dismiss the petition on the ground that the petitioner was "civilly dead" pursuant to Civil Rights Law § 79-a (1), or, in the alternative, for a hearing on the issue of whether a declaration of paternity would be in the child's best interests. The Family Court dismissed the petition on the ground that the petitioner was civilly dead pursuant to Civil Rights Law § 79-a (1) without considering the mother's alternative request for a best interests hearing.

Contrary to the Family Court's determination, the civil death provision of Civil Rights Law § 79-a (1) does not apply to the petitioner since he was sentenced to death in federal court, rather than state court (*see Matter of Malik*, 108 Misc 2d 774 [Fam Ct, NY County 1980]; *Winston v United States*, 305 F2d 253, 255 n 2 [2d Cir 1962], *affd sub nom. United States v Muniz*, 374 US 150 [1963]; *see also Hayashi v Lorenz*, 42 Cal 2d 848, 271 P2d 18 [1954]). Moreover, although Civil Rights Law § 79-a (1) declares civilly dead any person sentenced to imprisonment for life, it contains no provision pertaining to a person subject to a sentence of death, and it is not for the courts to expand terms beyond the plain language of statutes (*see Jones v Bill*, 10

NY3d 550, 555 [2008]; *Bright Homes v Wright*, 8 NY2d 157, 161 [1960]; *Tompkins v Hunter*, 149 NY 117, 122-123 [1896]).

Accordingly, we reinstate the petition and remit the matter to the Family Court, Suffolk County, for further proceeding on the petition, including a determination of whether a declaration of paternity would be in the child's best interests (*see Matter of Leonardo Antonio V. v Estate of Joanna B.*, 82 AD3d 1253 [2011]; *Matter of Willie W. v Magdalena D.*, 78 AD3d 958 [2010]; *Matter of Ruth W. v Lewis F.*, 11 AD3d 627 [2004]; *Phillip E.K. v Sky M.L.*, 34 Misc 3d 559 [2011]). Dillon, J.P., Balkin, Cohen and Barros, JJ., concur.