■ In the Matter of JESUS R.C., Appellant, v KAREN J.O., Respondent. [5 NYS3d 66]—

Order, Family Court, Bronx County (Peter J. Passidomo, J.), entered on or about September 19, 2013, which, after a hearing, granted respondent mother's motion to dismiss the petition seeking to vacate an acknowledgment of paternity, unanimously affirmed, without costs.

Although petitioner testified that he had questioned whether he was the father shortly after the child's birth, and again approximately six months later when he learned that the child's mother had sexual relations with another man, petitioner continued to treat the child as his own and developed a parent-child relationship. Petitioner held himself out to be the father of the child, provided the child with support, and gave him gifts (*see Matter of Griffin v Marshall*, 294 AD2d 438, 439 [2d Dept 2002]). It was not until the child was four years old, and a younger sibling had been born, that petitioner commenced this proceeding seeking to vacate his acknowledgment of paternity, while at the same time recognizing the younger sib-

ling as his own child. Under the circumstances, the court properly determined that it was in the child's best interests to equitably estop petitioner from denying paternity of the four-year-old child (*see Matter of Shondel J. v Mark D.*, 7 NY3d 320, 324 [2006]; *Matter of Andre Asim M. v Madeline N.*, 103 AD3d 500, 501 [1st Dept 2013]).

The record also supports the court's finding that petitioner failed to make a prima facie showing of fraud, duress or material mistake of fact that would warrant vacating his acknowledgment of paternity after the statutory deadline for rescinding the acknowledgment had passed (*see* Family Ct Act § 516-a [b] [iv]; *Ng v Calderon*, 6 AD3d 255 [1st Dept 2004]). Concur— Mazzarelli, J.P., Sweeny, Moskowitz, Clark and Kapnick, JJ.