■ In the Matter of CHRISTIAN N., Respondent, v SHANTE JOVAN B., Appellant. [18 NYS3d 368]—

Order, Family Court, Bronx County (Peter J. Passidomo, J.), entered on or about August 26, 2014, as amended October 17, 2014, which, after a hearing, granted petitioner's motion for genetic marker testing, unanimously reversed, on the law, without costs, and the motion denied.

It is in the child's best interests to equitably estop petitioner from seeking genetic marker testing to determine if he is the biological father of the child (*see Matter of Jesus R.C. v Karen J.O.*, 126 AD3d 445, 445-446 [1st Dept 2015], *lv denied* 25 NY3d 906 [2015]). Although petitioner testified that he questioned whether he was the child's father, for the first three years of the child's life, the father maintained a father-son relationship with him, held himself out to be the father of the child, permitted the child to call him "daddy," and provided the mother with support for the child (*see id.*). In addition, the child believes that petitioner is his father. Under the circumstances, equitable estoppel is appropriate even though petitioner did not see the child for approximately one year due to his incarceration when the child was three years old (*see generally Matter of Angelo A.R. v Tenisha N.W.*, 108 AD3d 561 [2d Dept 2013]). Concur—Tom, J.P., Acosta, Richter and Kapnick, JJ.