Order, Family Court, New York County (Emily M. Olshanksy, J.), entered on or about December 15, 2016, which, following a hearing, adjudged respondent to be the father of the subject child, unanimously affirmed, without costs.
 

 The Family Court properly found by clear and convincing evidence that it was in the child’s best interests to equitably estop respondent from denying paternity (Matter of Shondel J. v Mark D., 7 NY3d 320, 326-327 [2006]; Family Ct Act § 418 [a]). While respondent claimed to have harbored some doubts about whether he was the father shortly after the child’s birth in 2009 and again three years later when the mother informed him that the child was not his, he continued to hold himself out to be the father of the child, provided him with support and gave him gifts, and continued to live with the family, even marrying the mother in the interim (id.; Matter of Jesus R.C. v Karen J.O., 126 AD3d 445, 445-446 [1st Dept 2015], lv denied 25 NY3d 906 [2015]). Even after respondent left the family home at the end of 2014 he has maintained at least some contact with the child, who believes respondent to be his father. These facts amply support the court’s equitable estoppel finding (id.).
 

 Concur — Friedman, J.P., Richter, Moskowitz and Gesmer, JJ.